**FARRALL et al. v. DISTRICT OF COLUM-
BIA AMATEUR ATHLETIC UNION
et al.**

No. 9084.

United States Court of Appeals
District of Columbia.

Argued Jan. 16, 1946.

Decided Feb. 25, 1946.

Messrs. George E. C. Hayes and William
H. Hastie, both of Washington, D. C.,
with whom Mr. Leon A. Ransom, of Co-

lumbus, Ohio, was on the brief, for appellants.

Mr. Leo A. Rover, of Washington, D. C., for appellees.

Before CLARK, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellants are Negro members of the District of Columbia Amateur Athletic Union. As plaintiffs in the District Court, they brought civil action on behalf of themselves and all others similarly situated, praying for injunction and declaratory judgment. Defendants were the Union and the members of its Registration Committee. The controversy centers about a provision inserted by the defendant Committee in "sanctions" issued by it for amateur athletic events in the District of Columbia, stating that the Committee does not sanction mixed racial competition or exhibitions in any sport under its jurisdiction. The defendants moved to dismiss the action on the ground that the complaint failed to state a claim upon which relief could be granted, and supported the motion with an affidavit of the president of the Union. The court granted the motion to dismiss and denied the application for declaratory judgment.

Appellees first contend that the controversy is moot by reason of the reference in the complaint to a boxing competition conducted by the Washington Post in January and February, 1945, before the complaint was filed in March, 1945. The point is without merit, as the complaint avers a consistent and continuing debarment of plaintiffs from all District and open championship amateur athletic competition. Plaintiffs seek permanent relief from the "sanction" which accomplishes this debarment.

Appellees next contend that the complaint, when read in conjunction with the motion to dismiss and the affidavit in support thereof, states no claim against defendants upon which relief can be granted. Appellees rely upon assertions of fact in the affidavit. Rule 56(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, makes clear the purpose for which affidavits in support of a motion for summary judgment may be used and, likewise, the extent of their effect. The judgment sought is to be rendered if the pleadings and the affidavits taken together show that (except as to the amount of damages) there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. An affidavit filed in support of a motion to dismiss has no greater purpose or effect. Such an affidavit cannot be treated, for purposes of the motion, as proof contradictory to well-pleaded facts in the complaint. There is a great difference between discovering whether there be an issue of fact and deciding such an issue. The affidavit can be used for the former purpose but not for the latter. Thus, if a fact be averred in the complaint and contradicted in the affidavit, the latter version cannot be accepted by the court for the purposes of a motion to dismiss. On the other hand, of course, if the averment in the complaint is a mere conclusion or a vague generality without specification, and the affidavit asserts facts which are undisputed, and it thus appears that there is in truth no genuine issue of fact, the court may act upon that premise. Cases cited by appellees are not to the contrary.[1]

[1] In Central Mexico Light & Power Co. v. Munch, 2 Cir., 1940, 116 F.2d 85, the action was against three individuals, and the question was whether the $3,000 requisite to federal jurisdiction was involved. The complaint alleged a total of more than $3,000, but the affidavits, uncontradicted, showed that the action involved less than $3,000 as to each separate defendant. Since this state of the record, as to which there was no dispute, showed that no genuine issue of fact was involved, the court proceeded to pass upon the issue of law raised by the motion to dismiss for lack of jurisdiction; i. e., whether the plaintiff's interest or the defendants' several separate interests determined jurisdiction. In National War Labor Board v. Montgomery Ward & Co., 1944, 79 U.S.App. D.C. 200, 144 F.2d 528, the complaint alleged that each of the twenty-two defendants threatened to enforce an order of the Board, and that one defendant, the Economic Stabilization Director, would, unless restrained, issue directives in accordance with an Executive Order. No form, substance, time, place, or circumstance of any threat was alleged. The court found that the complaint itself alleged no facts which indicated more than a possibility of action by the defendants. The affidavits filed by defendants categorically denied threats. On that state of the record, the court found that there was no genuine issue of fact as to threats. In Burman v. Lenkin Const. Co., 1945, 80

A comparative analysis of the complaint and the affidavit in the light of the claim for relief is necessary in order to determine whether there are genuine issues as to any material fact.

The affidavit contradicts the complaint only in part. The complaint avers that the Amateur Athletic Union of the United States exercises plenary power over all amateur athletics in the United States; that it is the only recognized governing body in the United States for that purpose, and that American participation in International Olympic Games is controlled exclusively by it; that the defendant District of Columbia Union is an active constituent member of the national Union and exercises all the latter's powers in and around the District of Columbia. It further avers that the defendant Union "sanctions" amateur athletic events; that championships won and records achieved in amateur athletic competition are not recognized by the public, the press, or amateur competitors in this country or abroad unless achieved in events thus "sanctioned," and that any athlete who competes in an "unsanctioned" event is subject to debarment from all organized amateur athletic competition, local, national and international. Plaintiffs aver that they, in common with all other amateur athletes in the United States, are required to pay an annual registration fee to the local Union exercising jurisdiction over the region in which they reside; that by virtue of this registration, they acquired and possess the right and privilege of competing in events sanctioned by the Union, subject only to such restrictions as may be authorized by the constitution and by-laws of the Union. They aver that neither the constitution, by-laws, special legislation, nor practice or custom of the Amateur Athletic Union of the United States authorizes, condones or permits the restriction of participation in sanctioned events upon the basis of the participants' race or color; that in violation of the rights and privileges of the plaintiffs and in violation of the constitution, by-laws and regulations of both the national and the local Unions, the defendants deprive the plaintiffs of the privilege and right of competing in District-wide, open and championship events by inserting in every sanction issued for any amateur contest to be held in the District of Columbia, the following language:

"The Registration Committee of the District of Columbia Association of the Amateur Athletic Union does not sanction mixed racial competition or exhibitions in any sport under its jurisdiction."

Plaintiffs aver that they and other Negro competitors are consistently barred from all open, District-wide or championship amateur athletic competition in the District solely because of the above-quoted sanction; that unless restrained by the court, the defendant Union will continue to violate its duty as a constituent member of the national Union and willfully, maliciously and unlawfully deprive the plaintiffs of all opportunity to compete in open and District-wide championships of the District and of the United States, in violation of their contract rights' as members of the defendant Union and its parent body.

The underlying averments of fact (as distinct from the conclusions therefrom) in the foregoing parts of the complaint are not disputed.

The complaint avers that the individual defendants, composing the Registration Committee of the local Union, exercise plenary "sanctioning" power over athletic events in the District of Columbia. The affidavit of appellees does not deny that averment but says that "in so far as individuals are concerned," the sole function of the Committee is to determine whether an applicant is entitled to the status of an amateur athlete and, if so, to issue to him a certificate which states that he is an amateur athlete registered with the Union; that such registration does not grant any right to such athlete to compete in athletic events; that the admission of athletes to participation in events sanctioned by the national Union is entirely within the discretion of those operating such events, the only restriction being that the athletes participating must be registered with the local Union.[2] In a later para-

U.S.App.D.C. 125, 149 F.2d 827, the complaint alleged coercion in the procuring of a certain settlement, but the court found that a deposition of the plaintiff himself, filed in the case, clearly negatived the charge of coercion. On that state of the record, the court found that there was no genuine issue of fact as to coercion.

[2] The affidavit at this point reads, "the only restriction being that the events sanctioned by the Amateur Athletic Union of the United States is that those athletes.

graph, the affidavit specifically refers to the granting of "sanctions" by the Registration Committee, but still later the affidavit says that the question as to what competitions registered athletes shall be allowed to participate in is decided by "those in charge of the athletic event in question."

The affidavit does not deny the averments of the complaint as to the content of the constitution and by-laws of the defendant Union and its parent but asserts that the sole contract between an athlete and the defendant Union is represented by his registration certificate, which merely recites that he is registered and is, in the opinion of the local Union, an "amateur athlete."

The complaint avers that only District champions determined under the "sanction" of the local Union are eligible under the rules of the national Union to enter national championship competition. The affidavit denies this.

In summary, if the affidavit be given its full effect under the Rules,[3] genuine issues of fact are shown in at least these respects: (1) Whether the defendants control, through the power of "sanctions", plaintiffs' participation in amateur athletic events, and particularly their participation in championships, local, national or international; (2) whether the constitution and by-laws of the defendant Union or its parent permit the restrictive sanction imposed by the Registration Committee of the local Union; (3) whether local athletes may participate in national championships without first competing in the district in which they are registered. If these issues be material, summary judgment, or dismissal, could not be entered. We think they are

material to the case framed by the complaint.

The gist of the case is narrow. The complaint says that plaintiffs are barred from District-wide, national and international championship athletic competition, by the body which has plenary power over all amateur athletic competition in this country, in violation of the constitution and by-laws of that body. The complaint is not that athletic events are held in which plaintiffs are not permitted to participate. The complaint is that plaintiffs are barred, totally, from the eventual selection of local, national and international champions and that the debarment is beyond the power of the Committee enforcing it. The rights upon which plaintiffs stand are the rights of members of the Unions in good standing.

■ Appellees' contention, implicit although not expressed, that the constitution, by-laws and regulations of the Unions are no part of the contract between plaintiffs and the Unions, is beside the point and is also without merit. Members in good standing whose rights are invaded by an ultra vires act of a committee of the organization, are clearly entitled to relief and protection.

■ We need not speculate as to what proportion of their averments plaintiffs need prove in order to support the relief which they claim. On the record as it now stands, the only questions are whether the complaint and the affidavit show that there are genuine issues of material facts and whether the complaint, if proved as averred, states a claim for which relief can be granted. In our view, the answers to both questions are affirmative.

Reversed.

---

participating must be registered as amateur athletes with the local union of the Amateur Athletic Union that exercises jurisdiction over the region in which the athlete resides."

[3] Rule 56(c), Federal Rules Civil Procedure.