## FREDERICK HART & CO., Inc. v. RECORDGRAPH CORPORATION.

### No. 9516.

Circuit Court of Appeals
Third Circuit.

Argued May 21, 1948.
Decided Aug. 13, 1948.

Willis H. Taylor, of New York City (Marvel & Morford, of Wilmington, Del., Harold A. Traver, of New York City, and Thomas Cooch, of Wilmington, Del., on the brief), for appellant.

Ralph L. Chappell, of New York City (Robert H. Richards, Jr., of Wilmington, Del., Kenyon & Kenyon and George T. Bean, all of New York City, on the brief), for appellee.

Before BIGGS, McLAUGHLIN, and KALODNER, Circuit Judges.

KALODNER, Circuit Judge.

Frederick Hart & Co., Inc., "Hart", brought suit against Recordgraph Corporation, "Recordgraph", seeking an adjudication pursuant to the Declaratory Judg-

ments Act, Section 274d of the Judicial Code, 28 U.S.C.A. § 400, that 15 patents owned by Recordgraph are invalid and are not infringed by Hart.

The District Court granted a motion dismissing the amended complaint[1] stating: "Because the present complaint as amplified by the interrogatories, answers thereto and affidavits filed in the cause, does not indicate any justiciable controversy, so I think the complaint must be dismissed." 73 F.Supp. 146, 149. Hart appealed.

The District Court premised its ruling on its finding that *"A careful examination of all the pertinent facts does not, in my opinion, disclose any threat or charge of infringement."* 73 F.Supp. page 148. (Emphasis supplied.)

We are of the opinion that the District Court erred. It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue.* An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint. Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App.D.C. 396, 153 F.2d 647; United States v. Association of American Railroads, D.C.Neb.1945, 4 F.R.D. 510; 2 Moore's Federal Practice (2nd ed. 1948) pages 2254, 2255.

It is also well-settled that on a motion to dismiss the complaint must be viewed in the light most favorable to the plaintiff and that the complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim; further, no matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it. We so held in Continental Collieries v. Shober, 3 Cir., 1942, 130 F.2d 631, 635. In Carroll v. Morrison Hotel Corp., 7 Cir., 1945, 149 F.2d 404, 406 the rule was stated as follows:

"On a motion to dismiss on the ground that the complaint does not state a claim on which relief can be granted, the rule is that the complaint must be viewed in the light most favorable to plaintiff and the truth of all facts well pleaded, admitted, Galbreath v. Metropolitan Trust Co., 10 Cir., 134 F.2d 569. *This includes facts alleged on information and belief.* There is no specific provision covering such allegations in the Federal Rules of Civil Procedure, but Rule 8(f) states that 'All pleadings shall be so construed as to do substantial justice'; consequently to refuse to give credence to them on defendants' motion to dismiss would be opposed to the spirit of the Rules." (Emphasis supplied.)

To the same effect is United States v. Association of American Railroads, supra.

The principles stated were not adhered to by the District Court in its disposition of the motion to dismiss. Its opinion makes it evident that it failed to properly confine the scope of its consideration and that it proceeded to *decide* the fact issue.

The facts essential to this review are:

On May 24, 1943, Recordgraph, owning 15 patents relating to the recording and reproduction of sound, granted Hart an exclusive license. Hart proceeded to manufacture and sell apparatus for the recording and reproduction of sound. Its principal customer was the United States Navy, from which it received contracts in November, 1945, and January, 1946, totaling approximately $750,000. The contracts provided that Hart was to hold and save the United States Government harmless from liability in any patent dispute. While these con-

---

[1] Defendant moved (1) to dismiss the action under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c, on the ground that the Court lacked jurisdiction because no justiciable controversy was presented; (2) for summary judgment on the ground that there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law. The Court made no disposition of the motion for summary judgment. Parenthetically, it may be noted that the motion and the decision thereon preceded the effective date of the amendments to the Rules.

tracts were still in process, Hart, on December 16, 1946, terminated its license agreement with Recordgraph pursuant to notice given on September 17, 1946. On January 18, 1947, Hart filed the suit *sub judice* and on January 20, 1947, Recordgraph started suit in the District Court for the Southern District of New York alleging infringement by Hart of 4 of the 15 patents here involved.

The complaint in the instant case, as amended, alleged that Recordgraph had charged Hart with infringement, claimed royalties, and also asserted right to an assignment of all improvements made by Hart on the 15 patents. It denied infringement, alleged invalidity of the 15 patents, asserted the existence of a "real controversy", and asked for a declaratory judgment that the 15 patents are invalid and not infringed, that it owed no royalties, and that its own inventions, for which patents had been applied, are not improvements upon the Recordgraph patents. Interrogatories were filed by Recordgraph and answered by Hart. The former subsequently moved to dismiss, as already noted, and filed supporting affidavits. Hart filed counter-affidavits.

The answer to the interrogatories cited an allegation in Recordgraph's complaint in its New York suit that Hart "* * * *has had notice of its infringement* of the claims of the said Letters Patent, but despite this fact * * * *has continued and threatens to continue its infringement.*" (Emphasis supplied.)

The answer further asserted that William S. Murray, Jr., Treasurer of Recordgraph, had, in a conversation with Paul Weber, the Navy's representative, charged Hart with infringement and stated Recordgraph's intention to bring suit. The substance of Murray's statement was reported to be as follows:

"Frederick Hart & Co., Inc. having given notice of cancellation of its license with Recordgraph Corporation and having indicated it will continue to manufacture and sell the apparatus heretofore made under the Recordgraph license, Hart Company will be operating on its own and *Recordgraph Corporation intends to contest Hart Company's do doing by suit under the Recordgraph patents.*" (Emphasis supplied.)

Murray, in an affidavit in support of the motion to dismiss, denied that he had made any such statement and asserted that he had not threatened anyone with any patent infringement suit. He further set forth in his affidavit a letter, under date of November 21, 1946, addressed to him by William L. Wolff, President of Recordgraph, which reads as follows:

"Dear Mr. Murray:

"As you know, the contract with our exclusive licensee, Frederick Hart & Company, Inc., expires on December 17, 1946. *Thereafter Recordgraph patents will not be available to the Frederick Hart Company for any new manufacturing, the right remaining to them to dispose of their inventory only.*

"Whereas all Recordgraph contacts with the Navy have heretofore been made through our licensee, it seems desirable that a direct representative of Recordgraph inform the Navy of the changed situation with the view in mind of causing them the least possible inconvenience in the transition state. Will you please contact interested Navy personnel to inform them of the above facts and to ascertain their future needs for recording machines and films made under Recordgraph patents, and the rate of delivery required on each in order that we may work out arrangements to fulfill their requirements." (Emphasis supplied.)

Counter affidavits were filed by Willis H. Taylor, Jr., New York patent attorney and Hart's counsel, and Thomas C. Smith, its chief engineer. Taylor's affidavit related to a call which he and Smith had made upon Weber to secure a statement "of the substance" of what Murray had said. The affidavit recited Weber's alleged version of Murray's threat to sue as set forth in the answer to the interrogatories[2] It stated

---

[2] The mere fact that Recordgraph had never made *any direct* threat to sue Hart for infringement of its patents is not conclusive of the problem. We so held in Dewey & Almy Chemical Co. v. American Anode, Inc., 3 Cir., 1943, 137 F.2d 68, certiorari denied 320 U.S. 761, 64 S.Ct. 70, 88 L.Ed. 454.

that Weber had declined to make an affidavit because "he did not want to get mixed up in a law suit." Taylor stated that upon leaving Weber's office he "immediately proceeded to write out in longhand what Mr. Weber had said"; that Smith read his notes and found them to be a correct recital of Weber's statement.

Smith's affidavit was in corroboration of the matter set forth in Taylor's affidavit.

The foregoing clearly establishes the *existence of a fact issue* with respect to what was actually said by Murray to Weber. It was at that point that the District Court's consideration should have terminated and Recordgraph's motion denied. Instead, the District Court proceeded to *decide* the fact issue and thereby committed error under the applicable principles of law stated earlier in this opinion. It is immaterial that it *decided* the fact issue in Recordgraph's favor—the point is that it went beyond its province to resolve any fact issue on a motion to dismiss or for summary judgment. Cf. Sarnoff v. Ciaglia, 3 Cir., 1947, 165 F. 2d 167.

The Order of the District Court will be reversed and the case will be remanded to that Court for further proceedings not inconsistent with this opinion.