## UNITED STATES v. POTOLSKI.
### Civ. No. 3280.

United States District Court
N. D. New York.
June 5, 1950.

Irving J. Higbee, United States Attorney, Syracuse, New York (Robert J. Leamy, Assistant U. S. Attorney, Oneonta, N. Y., of counsel) for plaintiff.

Caplan & Caplan, Albany, New York (Samuel Caplan, Albany, N. Y., of counsel), for defendant.

FOLEY, District Judge.

The defendant by notice of motion moves to dismiss the actions set forth in paragraphs 27 through 44 inclusive of the complaint, for failure to state a claim upon which relief can be granted. The particular designated paragraphs embrace the Fifth, Sixth and Seventh causes of action set forth in the complaint. The relief sought must be determined under the terms of section 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., and the

previous judicial construction of such terms in that respect.

The gravamen of the allegations challenged by the defendant are similar in the three causes of action and charge that the defendant "fraudulently used and caused to be used" certain Veterans' Preference certificates issued to three named veterans for the purpose of purchasing for his own use certain surplus property from the War Assets Administration. Then it is definitely alleged alike in the three causes of action that the defendant herein was not entitled or validly authorized to use such Veterans' Preference certificates for the purchase of the described equipment. In my judgment these allegations are a sufficient, adequate and substantial statement of proper claims for relief.

It is only necessary that a short and plain statement of the claim showing that the pleader is entitled to relief be present. Dioguardi v. Durning, 2 Cir., 139 F.2d 774.

The defendant seeking dismissal as a matter of law places great reliance upon an unreported opinion, U. S. v. Hall, et al., handed down in the United States District Court for the Southern Division, Northern District of California. This authority is clearly distinguishable from the problem presented by this motion. It is important to note that the opinion was written, judgment of acquittal granted, and the decision made *after* the proof and evidence was submitted by the government. It must also be remembered that the safeguards of proof beyond a reasonable doubt and presumption of innocence predominate in determination in criminal matters and are not present in civil actions.

This same opinion also pointed out that the sale there was in the "regular course of business." It also notes that thereafter, in August, 1946, there was a substantial change in the regulations governing such transactions. The defendant in this motion emphasizes that two of the certificates were issued previous to that date, but that seems unimportant because it is only the claim of the government that the defendant is responsible in money damages for the fraudulent use for his own purpose of such preference certificates. The government, of course, will be put to its proof of all such allegations.

Despite these discussions, the motion cannot be granted because of definite and established legal authority. A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim; and the complaint will be viewed in the light most favorable to the plaintiff. Continental Collieries, Inc., v. Shober, 3 Cir., 130 F.2d 631; Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580.

The motion is denied and an order may enter accordingly.