## TRANSCONTINENTAL GAS PIPE LINE CORPORATION v. BOROUGH OF MILLTOWN IN MIDDLESEX COUNTY.

### No. C 500–50.

United States District Court
D. New Jersey.

Aug. 17, 1950.

Autenrieth & Rochester, Newark, N. J., R. E. & A. D. Watson, New Brunswick, N. J., of counsel, for plaintiff.

Hicks, Kuhlthau, Thompson & Molineux, New Brunswick, N. J., for defendant.

FORMAN, District Judge.

In the first count of its complaint the plaintiff, Transcontinental Gas Pipe Line Corporation, alleges, among other things, the following: It is authorized and empowered by a certificate of public convenience and necessity issued to it by the Federal Power Commission on November 18, 1948, as modified by an order issued by said Commission on March 1, 1950, pursuant to the Natural Gas Act, 15 U.S.C.A. § 717 et seq., to construct and operate a pipe line for the transmission of natural gas from points in the States of Texas and Louisiana to points in the States of Pennsylvania, New Jersey and New York. It is engaged in the construction of a main gas pipe line, generally 30 inches in diameter, approximately 1800 miles in length, passing through 14 states.

Plaintiff has obtained in Middlesex County, New Jersey, from owners of lands in the vicinity of and in the defendant Borough of Milltown, easements and rights of way or other authorizations for the underground installation of its pipe line extending in a continuous line from a point several miles south of the Borough of Milltown to a point several miles north of said

municipality and extending approximately 1800 feet through Milltown.

Beginning in January of 1950 the plaintiff requested the defendant Borough of Milltown to take appropriate action to determine that the public easement in two streets under which the plaintiff proposed to run its pipe line would not be interfered with. This request was referred to the Planning Board of the defendant which reported to the Borough Council its disapproval of the plaintiff's pipe line project and recommended that it be prohibited from installing its pipe line within the corporate limits of said municipality. The municipal authorities gave favorable action upon the request notwithstanding the Planning Board's recommendation, but later reversed themselves and finally ordered the plaintiff to cease the projected work of installing the pipe line in Milltown.

The complaint goes on to allege that the plaintiff has expended large sums of money in the acquisition of the rights of way for its pipe line within Milltown and in its vicinity, which property will become worthless and useless if the plaintiff is unable to install its pipe line therein; that the action and threats of the defendant constitute unlawful interference with interstate commerce and deprive plaintiff of property without due process of law, contrary to the provisions of the Constitution of the United States.

In the second count of the complaint the plaintiff alleges that its pipe line is being constructed in and through the Borough of Milltown beneath the surface of the ground wholly within the limits of a strip of land 100 feet in width, owned, used and occupied by the Public Service Electric & Gas Company, a New Jersey corporation, as and for a high tension electric transmission power line and does not cross, traverse or otherwise affect any public streets of the municipality.

Plaintiff prays that the defendant be restrained from interfering with or prohibiting the construction by plaintiff of its pipe line through the Borough of Milltown and from prosecuting plaintiff or its agents on any charge arising out of the construction,

operation, maintenance, repair, relocation or removal of said pipe line.

The defendant's answer generally denies the allegations of the complaint and specifically denies that the defendant intended to prevent and prohibit plaintiff from constructing and operating its pipe line at any location within the corporate limits of Milltown other than the specific route referred to in the complaint, asserting that another route or routes might be less dangerous or less objectionable to the residents of Milltown.

The answer further sets up some eight separate defenses to the complaint, in the second of which it charges that "2. Defendant in the exercise of its sound discretion for the protection of the health, safety, welfare and property of the citizens residing within its corporate limits has denied plaintiff permission to construct its natural gas transmission pipe line through the Borough of Milltown over and upon the specific route referred to in the Complaint."

In its third separate defense the defendant states

"1. Plaintiff has requested permission to construct its 30 inch natural gas transmission pipe line in and through the Borough of Milltown, partially within the limits of a strip of land one hundred in width owned, used and occupied by the Public Service Electric & Gas Company, a New Jersey corporation or its subsidiaries as and for a high tension electric transmission power line, on which strip of land one hundred feet in width is now constructed and in operation a high tension line carrying eight cables through which electric power is transmitted at extremely high voltages.

"2. The construction of a 30 inch natural gas transmission pipe line immediately adjacent to the aforesaid high tension electric transmission power line would create an extreme hazard, endangering the health, safety, welfare and property of the residents and citizens of the Borough of Milltown, particularly those residing immediately adjacent to the right-of-way of the Public Service Electric & Gas Com-

pany on which the high tension electric transmission power line is constructed."

In its fourth separate defense to the complaint the defendant alleges that the action of the plaintiff is in violation of its zoning ordinance in the following language:

"1. Plaintiff proposes to construct its 30 inch natural gas transmission pipe line in the Borough of Milltown, through an area which has been established as a residential district by an Ordinance of the Borough of Milltown, entitled: 'An Ordinance to limit and restrict to specified districts or zones and to regulate therein buildings and structures, according to their construction and the nature and extent of their use in the Borough of Milltown; establishing a Board of Adjustment; and providing penalties for the violation thereof.', which Ordinance was adopted on June 14, 1943.

"2. The provisions of the aforesaid Zoning Ordinance of the Borough of Milltown prohibit among other things a 30 inch natural gas transmission pipe line in and through that part of the Borough of Milltown in which plaintiff proposes to construct its natural gas transmission pipe line.

"3. Plaintiff has failed and neglected to apply to the Building Inspector of the Borough of Milltown for a permit for the erection and construction of its proposed 30 inch natural gas transmission pipe line in and through the Borough of Milltown in accordance with the aforesaid Ordinance of the Borough of Milltown, and has failed and neglected to take such other steps as are provided by the Zoning Ordinance of the Borough of Milltown."

The remaining separate defenses are not of interest at this stage of the proceedings.

Plaintiff moved for summary judgment in its favor under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that its affidavits and the pleadings demonstrate that there is no genuine issue as to any material fact and that the plaintiff is entitled to judgment as a matter of law.

Defendant has filed counter-affidavits in resistance to the motion and argument has been heard and briefs and reply affidavits have been filed and considered.

In the affidavits filed by the plaintiff, its experts, both employed by the plaintiff and independent of it, have deposed, among other things, as to the general safety of the projected installation of plaintiff's pipe line.

In the answer of the defendant the safety of the installation of the pipe line is attacked and defendant has buttressed this attack by submitting the affidavit of Professor Harry N. Lendall, who after stating his qualifications and his familiarity with the geographical area in question and describing his study of the affidavits filed in the case and other associated matters, deposes as follows: "Regardless of the fact that the specifications for this high pressure natural gas transmission pipe line have been drawn so as to produce a pipe that should not fail under operating conditions, that precautions have been taken for the prevention of accident and damage during construction and that provision has been made for the control of operation to maintain a high degree of safety to all people located in adjacent areas, it is my opinion that this gas transmission line is a potential source of danger. Natural gas is 85 to 95 per cent methane. Methane is an odorless, colorless, insoluble, highly combustible gas. There is the possibility of small leaks not being detected and resulting in explosion and danger to human life. I believe that a hazard will be created especially considering that there is involved a residential area where homes have been built in what was believe [sic] to be a safe place in which to live and that would afford protection to the owner and his children."

Plaintiff argues that this deponent has failed to qualify himself by virtue of training or experience in connection with the conveyance of natural gas as an expert to the extent necessary to make his opinions admissible and that in any event, though in his affidavit he has characterized the gas to be transmitted through the proposed pipe lines as a potential hazard to the community, this would be true of the inherent nature of other gas used for customary purposes

and his affidavit has failed to attack the efficacy and safety of the method by which the plaintiff proposes to transmit its gas.

■ In this Circuit the law is explicit that summary judgment cannot be granted if there is a conflict of factual matter. Affidavits may be submitted and scrutinized by the court to ascertain whether such a conflict of facts exists or not, but they may not be used to determine the actuality of the facts. In Frederick Hart & Co. v. Recordgraph Corporation, 169 F.2d 580, 581, the Circuit Court of Appeals of the Third Circuit said: "It is well-settled that on motions to dismiss and for summary judgment, affidavits filed in their support may be considered for the purpose of *ascertaining whether an issue of fact is presented, but they cannot be used as a basis for deciding the fact issue.* An affidavit cannot be treated, for purposes of the motion to dismiss, as proof contradictory to well-pleaded facts in the complaint. Farrall v. District of Columbia Amateur Athletic Union, 1946, 80 U.S.App.D.C. 396, 153 F.2d 647; United States'v. Association of American Railroads, D.C.Neb.1945, 4 F.R.D. 510; 2 Moore's Federal Practice (2nd ed. 1948) pages 2254, 2255."

The same principle of law, above enunciated, has been applied to answers as well as complaints. Leigh v. Barnhart, D.C., 10 F.R.D. 279, U. S. v. Bernauer, D.C., 10 F.R.D. 400.

As pointed out by Judge Smith of this court in Rolle Mfg. Co., Inc. v. Marco Chemicals, Inc., 92 F.Supp. 218, the Court of Appeals of the Second Circuit has likewise advocated caution in the application of the rule authorizing summary judgment in the case of Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, wherein Judge Frank said: "We take this occasion to suggest that trial judges should exercise great care in granting motions for summary judgment. A litigant has a right to a trial where there is the slightest doubt as to the facts, and a denial of that right is reviewable; but refusal to grant a summary judgment is not reviewable. Such a judgment, wisely used, is a praiseworthy time-saving device. But, although prompt despatch of judicial business is a virtue, it is neither the sole nor the primary purpose for which courts have been established. Denial of a trial on disputed facts is worse than delay. Cf. Arenas v. United States, 322 U.S. 419, 429, 433, 64 S.Ct. 1090, 88 L.Ed. 1363. The district courts would do well to note that time has often been lost by reversals of summary judgments improperly entered." See also Colby v. Klune, 2 Cir., 178 F.2d 872.

■ Although the affidavits in support of the plaintiff's motion appear to have considerable strength and the affidavits of the defense on the issue of safety is not nearly so strong, the decision for this court at this time is not to determine the actuality of the fact, but only whether there is a controversy concerning it as has been emphatically pointed out by the foregoing authorities. The attack upon the qualification of the defendant's expert as well as upon the opinion expressed in his affidavit are matters that hinge themselves on facts and cannot be resolved except upon the production of the testimony itself in the court room upon final hearing. The resolution of this controversy as to safety will reflect itself in determining other issues raised in the case with regard to the zoning ordinance of the defendant and its element of reasonableness or unreasonableness as a burden on interstate commerce in the area in which the plaintiff is engaged.

It has been stated and not controverted that the entire project of the plaintiff is rapidly nearing completion and that it is under contract to deliver natural gas to a distributor in New Jersey on October 1, 1950.

In the light of the foregoing the motion for summary judgment will be denied but this case will be advanced upon the calendar so that both parties may have the benefit of as early a decision as possible. To that end a pre-trial conference will be held on Friday, September 8, 1950 at 11 a. m. and final hearing in the case will commence Thursday, September 14, at 10 a. m.

It has been well known that the plaintiff was desirous of installing its pipe line in the projected route since January of 1950 when

it first made overtures to the defendant regarding it and the advancement of the date of trial as indicated herein should work no hardship on either party to this litigation. The necessity for speedy disposition of the cause in so far as the plaintiff is concerned is obvious, and by the same token the defendant must be equally desirous of having the matter disposed of so that the citizens of its community may be relieved of apprehensions of being exposed to unnecessary hazards.

An order should be taken conforming to the terms herein stated.