AMINA LUISA SÁNCHEZ, Plaintiff and Appellant, v. RAFAEL
DE CHOUDENS COBIÁN, Defendant and Appellee.

No. 10925.   Argued November 2, 1953.—Decided February 16, 1954.

2

*E. Acosta Domenech* for appellant. *Canales & Segarra* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The complaint filed by Amina Luisa Sánchez against Rafael de Choudens Cobián alleges, briefly, that in a deed executed before a notary public defendant acknowledged that he owed plaintiff the sum of $5,000 in payment of a judicial transaction, and bound himself to pay her $50 a month for a period of one year and to sell certain property in order to pay off the sum of $5,000 due her; that although such condition was not set forth in the deed acknowledging the indebtedness, the parties agreed that defendant would sell that property within a period not to exceed six months; that the debt is overdue and constitutes an account stated, plaintiff having repeatedly required defendant to pay; and that defendant also owes plaintiff two installments, which are specified, under the contract agreeing to pay $50 a month. It is urged that defendant be ordered to pay plaintiff (a) the sum of $5,000; (b) the sum of $100; (c) that "if it should be held that the maturity date is not fixed, because it was left to the will of the debtor, defendant be ordered to pay the sum of $5,000 in question, and that the period or term within which to pay off the indebtedness be fixed by the court"; and (d) that defendant be ordered to pay the costs and the sum of $750 for attorney's fees.

The defendant timely filed a motion for summary judgment in which, after making reference to the action filed against him and to the stipulations made by the parties by virtue of the aforesaid deed, he alleged that in his opinion there is no actual issue of material fact because, (a) in accordance with the terms of the deed, a certified copy of which is enclosed, his only obligation was to pay to plain-

tiff the sum of $5,000 as soon as he sold the building owned by him situated in Hyde Park, Río Piedras; (b) that that building has been for sale for a long time, but has not yet been sold; (c) that the allegation of the complaint to the effect that "it was verbally agreed between the parties to sell the property in question within a period not to exceed six months," does not in any way defeat the propriety of the summary judgment "because (1) that allegation should be stricken and no parole evidence could be offered to alter the scope and context of a written document; (2) assuming that such parole evidence were admissible, it is not true that that condition was stipulated by the contracting parties; (3) assuming that it is true that that condition was stipulated verbally and that proof of that condition is admissible in evidence, the complaint does not contain any allegation to indicate that it was agreed by the parties that, if the property was not sold within the stipulated period, the obligation would constitute an account stated; and (4) that the sum of $100 was paid in due time."

Copy of an affidavit signed by defendant himself was attached to the motion for summary judgment, stating that it is not true that the parties agreed that defendant was to sell the property within a period of six months; that no such thing was ever agreed upon either in writing or verbally; that the property in question has been for sale since before the signing of the deed, without success; that it was not stipulated verbally at any time, nor in any form whatever, that in the event the property was not sold within the six months' period, defendant would be bound to pay plaintiff the sum of $5,000; and that the sum of $100 was paid to plaintiff through her daughter. There was also attached to the motion for summary judgment an affidavit made by the latter, to the effect that defendant had delivered to her the sum of $100 and that she remitted the same to her mother in Washington upon her return from Europe.

4

After reciting the allegations of the complaint and referring to the motion for summary judgment and to the affidavits attached thereto, and stating that plaintiff did not file any affidavit opposing defendant's motion, the lower court entered an order stating that the issue narrows down to a determination of whether there exists an overdue debt and an account stated by virtue of the conditions in the public deed, and whether or not the $100 payment was tendered. After an exhaustive examination of the terms of the deed, the court further stated in its order that it had reached the conclusion that the parties had agreed that defendant would pay to plaintiff the sum of $5,000 after the property located in Hyde Park was sold, but that the clear and specific terms of that deed did not disclose the obligation to sell that property within a period of six months, and that "any parole evidence sought to be offered for the purpose of altering the terms of the covenant under the said deed, would be inadmissible in evidence, inasmuch as the purpose would be to alter the context of a written document by means of parole evidence." The court further stated that, since defendant was not bound to pay that sum until the sale of the property in question was carried through, and since plaintiff had not controverted the affidavit subscribed by defendant to the effect that the same had not been sold, such obligation cannot be regarded as overdue and as creating an account stated, defendant being under no obligation to pay until the property in question is sold. The lower court was also of the opinion that the documents attached to the motion for summary judgment proved in an authentic manner that the sum of $100 was duly paid to plaintiff. Lastly, the court concluded that "there is no actual issue in this case as to any material fact, defendant being entitled to . . . a summary judgment as a matter of law." The court rendered judgment for defendant based on those conclusions and ordered plaintiff to pay the sum of $200 for attorney's fees. Reconsideration was sought on the ground that the action

is based on § 1081 of the Civil Code in force,[1] that is, that the purpose of the action is merely to request that a period be fixed for the expiration of the obligation, and it was denied.

On appeal it is alleged that the lower court erred in granting the motion for summary judgment without regard to the provisions of § 1081 of the Civil Code, in denying the motion for reconsideration, and in ordering plaintiff to pay the sum of $200 for attorney's fees.

According to Rule 56 (b) of the Rules of Civil Procedure, "a party against whom a claim, . . . is asserted, may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part therof." And according to subdivision (c), "the motion shall be served [on the adverse party] . . . *The adverse party* prior to the day of hearing *may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that,* except as to the amount of damages, *there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Italics ours.)

It is a well-known legal rule that the summary judgment procedure lies and serves a laudable objective if the primary purpose is to pierce the allegations of fact contained in the pleadings. Also, that summary judgment lies only where there is no genuine issue as to any material facts. *Hettinger & Co.* v. *District Court*, 69 P.R.R. 128; *Ramos* v. *People*, 67 P.R.R. 600; *Fernández* v. *District Court*, 71 P.R.R. 149, 188; *Heirs of Guerra* v. *Sánchez*, 71 P.R.R. 756; 6 Moore's *Federal Practice*, second edition, p. 2027, § 56.03.

---

[1] Section 1081 of the Civil Code, 1930 ed., provides:

"Should the obligation not fix a period, but it can be inferred from its nature and circumstances that there was an intention to grant it to the debtor, the courts shall fix the duration of the same.

"The court shall also fix the duration of the period when it may have been left to the will of the debtor."

As stated by the trial court, plaintiff did not file in the instant case any affidavits opposing those of the defendant. Therefore, the issue to be decided is whether, in view of the fact that defendant's motion for summary judgment was accompanied by affidavits, and since plaintiff filed no counter affidavits nor any document opposing such motion, summary judgment should be rendered for defendant on the ground that no genuine issue of any material fact is involved.

There is some conflict, which it is difficult to harmonize, in the decisions of the different appellate courts of the United States on the matter, for although some of them support the view that summary judgment does not lie in those cases in which the party against whom it is directed raises no objection, or takes no action in opposition, notwithstanding the fact that such a motion has been supported by affidavits or documents admissible in evidence—see *Farrall v. District of Columbia Amateur Ath. Union*, 153 F. 2d 647; *Rogers v. Girard Trust Co.*, 159 F. 2d 239; *Chappell v. Goltsman*, 186 F. 2d 215; *Lane Bryant v. Maternity*, 173 F. 2d 559; *Butcher v. United Electric Coal Co.*, 174 F. 2d 1003; *Transcontinental G.P.L. Corp. v. Borough of Milltown*, 93 F. Supp. 283, 286; 2 Moore's Federal Practice, (2d edition 1948), p. 2255; *United States v. Association of American Railroads*, D. C. Neb. 1945, 4 F.R.D. 510; *Frederick Hart & Co. v. Recordgraph Corp.*, 169 F. 2d 580—yet many others have held that, where in support of a motion for summary judgment affidavits which comply with the requirements of the Rules of Civil Procedure—Rule 56 (e) — or documents admissible in evidence, are presented, if the opposing party does not file any counter affidavits or take action to oppose that motion, the latter shall be granted provided the affidavits or other documents presented show that there is no genuine issue of fact to be tried. *Zampos v. United States Smelting Refining and Min. Co.*, 206 F. 2d 171; *Engl v. Aetna Life Ins. Co.*, 139 F. 2d 469; *Forde v. United States*, 189 F. 2d 727. We agree with the latter

decisions. The opinion of the latter courts is based on the fact that the pleadings alone do not raise any issue of fact, as is the case with the facts set forth in an affidavit or other papers filed in support of a motion for summary judgment. Those courts also hold that the purpose of the pleadings is to ascertain the issue raised in the case, and that the allegations in the pleadings raise no legal issue whatever if supporting affidavits reveal there is no issue of material fact.

In 51 Michigan Law Review 1143, there appears an interesting article written by two attorneys of the District of Columbia—Mac Ashill and Willis B. Snell—in which they discuss at length the summary judgment procedure. At pp. 1165 and 1172 it is stated as follows:

"B. *What the Opposing Party Must Do to Raise an Issue of Fact.* The next question to be determined is how the opposing party is to raise an issue of fact if the pleadings alone are insufficient. Let us assume that the court will hold that the pleadings do not raise an issue of fact, and that the movant has stated facts, in affidavits and any other papers filed in support of the motion, which, if not controverted, would be sufficient to justify a summary judgment in his favor. The opposing party can then do one of several things: (1) he can do nothing; (2) he can himself make a motion for summary judgment, supported by counter affidavits; (3) he can state that there is an issue of fact and that he intends to show the contrary of what movant has stated, by evidence introduced at trial; (4) he can merely state that the facts are to the contrary; (5) he can state that he cannot present the facts, since they are exclusively within the knowledge of the movant; (6) he can state facts contrary to those stated by the movant. . . . .

"(1) If the opposing party does nothing, it seems clear that there can be no issue of fact (unless the pleadings are held sufficient to raise the issue). Thus it has been held that when no counter affidavits are filed there is no issue of fact and the court must take as true the statements of fact in the moving affidavits. . . ." Citing the following cases: *Allen* v. *Radio Corporation of America,* (D. C. Del. 1942) 47 F. Supp. 244, 245; cf. *Stahly, Inc.* v. *M. H. Jacobs Co.,* (7th Cir. 1950) 183 F. 2d 914, 916, cert. den. 340 U. S. 896, 71 S. Ct. 239 (1950) ; *Lau-*

*chert* v. *American S. S. Co.,* (D.C.N.Y. 1946) 65 F. Supp. 703, 707; *Winrod* v. *McFadden Publications, Inc.,* (D.C. Ill. 1945) 62 F. Supp. 249; *Seward* v. *Nissen,* (D.C. Del. 1942) 2 F.R.D. 545, 546; *cf. Foster* v. *General Motors Corp.,* (7th Cir. 1951) 191 F. 2d 907, 912, cert. den. 343 U. S. 906, 72 S. Ct. 634 (1952); *Morris* v. *Prefabrication Engineering Co.,* (5th Cir. 1950) 181 F. 2d 23, 25; *Gifford* v. *Travelers Protective Association of America,* (9th Cir. 1946) 153 F. 2d 209, 210. See 99 Univ. Pa. L. Rev. 212, 220 (1950). "It has also been held that 'the opposing party must sufficiently disclose what the evidence will be to show that there is a genuine issue of fact to be tried. . . .'

"  .    .    .    .    .    .    .    .

"In order to assure the effectiveness of the procedure, it must be held that when other papers are presented in support of the motion, the pleadings considered alone or in conjunction with such papers are not sufficient to raise an issue of fact. In spite of a number of cases to the contrary, most circuits today seem to accept this as the correct rule. In order to raise an issue of fact the opposing party should be forced to present sufficient evidence to show the existence of the issue; a mere statement that such an issue exists and that evidence will be presented at trial should not be sufficient. . . ."

In 99 Univ. Pa. L. Rev. 212, there appear some comments on the matter under the title "Summary Judgment in the Federal Courts." At pp. 214 and 215 it is stated as follows:

". . . However, where the movant's evidentiary matter contradicts the allegations of his opponent's pleading, several recent decisions have indicated that the contrary allegations were *ipso facto* sufficient to raise a genuine issue of material fact. These cases, it is submitted, are patently erroneous. Their genesis seems to be a dictum in *Frederick Hart & Co.* v. *Recordgraph Co.,* decided by the Third Circuit Court of Appeals in 1948, to the effect that affidavits may not be treated for the purposes of the motion to dismiss as 'proof contrary to the well-pleaded facts in the complaint.' While it is not clear from the *Hart* case whether the motion made by the defendant was to dismiss the complaint or for summary judgment, it is submitted that the quoted language is inapplicable to the latter motion. The text writers and the overwhelming majority of decisions in all circuits support this view without qualification."

Moore, the text writer, in his work on *Federal Practice*, 2d ed. § 56.11, states at p. 2068 of Vol. 6:

". . . There are some holdings, but mostly judicial statements, to the effect that an averment of fact in a pleading cannot be overcome by an affidavit and hence in such a case a motion for summary judgment must be denied. This doctrine overlooks the fact that one of the prime purposes of summary judgment procedure is to pierce the pleadings; and the doctrine, if applied, would largely nullify the summary judgment procedure. The true rule is opposed to the foregoing doctrine. . . ."

We agree, we repeat, with the opinion of the courts and text writers last mentioned to the effect that where summary judgment supported by affidavits or documents admissible in evidence is sought, and the opposite party does nothing and takes no action to defeat that motion, the latter should be granted provided the affidavits or other papers filed show that there is no issue whatever on any material fact. Any other interpretation would render the summary judgment procedure a dead letter. As stated by Judge Clark of the United States Circuit of Appeals for the Second Circuit in his article published in 36 Minn. L. Rev. 567, 577, "The intention of the rule is that the person addressed must repel the attack by equally precise disclosure of the merits of the case."

■ Notwithstanding the foregoing conclusion, the judgment appealed from will not be affirmed for the following reasons: the lower court stated in its order that any parole evidence sought to be presented purporting to alter the terms of the covenants under the public deed was inadmissible. However, such parole evidence would not constitute extrinsic evidence to alter the terms of the deed but rather evidence of a subsequent verbal contract between the same parties for the purpose of altering the terms of the written contract originally executed by them. Parole evidence to that effect was clearly admissible. See our per curiam opinion of March 26, 1953 in *Ortiz & Buxeda* v. *Pieterz*, as well as Jones *on*

*Evidence,* Vol. 2, § 442, p. 844 and Wigmore *on Evidence,* 3d ed., Vol. IX, § 2441, p. 130. It is likely that the statements of the trial court led appellant to commit error. Had that court expressed itself correctly on that matter, it is possible that plaintiff would have filed counter affidavits in connection with the presumptive verbal agreement.

On the other hand, if, as stated in the motion for reconsideration, the purpose of the complaint was to request the court to fix a period for the expiration of the obligation, that court could have elected to grant plaintiff leave to amend her complaint in that respect. Rule 15(b) provides that such leave shall be liberally granted—6 Moore's *op. cit.,* p. 2056, § 56.10—and the duration of the period may be determined within the action itself for the recovery of the obligation.[2] *Rivera* v. *Cardona,* 56 P.R.R. 786, 790; *Nicorelli* v. *López & Co.,* 26 P.R.R. 49. *Cf.* § 1081 of the Civil Code, 1930 ed. The trial court should have taken into consideration this additional purpose.

According to Rule 1 of the Rules of Civil Procedure, "They shall be construed to secure the just, speedy, and inexpensive determination of every action." If thus interpreted, it is our opinion that plaintiff should be given the opportunity to file counter affidavits opposing defendant's motion for summary judgment, or, if she so elects, to file an amended complaint alleging that the purpose of her action is to move for fixing the period of expiration of the obligation.

In view of the foregoing conclusions, discussion of the other assignments is unnecessary.

The judgment appealed from is reversed and the case remanded to the trial court for further proceedings consistent with this opinion.

---

[2] The complaint itself does not pray for the fixing of a maturity date, but such request appears in the prayer and, although the latter is not a part of the complaint, it may serve to interpret the complaint. *Isern* v. *Benítez,* 57 P.R.R. 331; *García* v. *García,* 70 P.R.R. 905, 913; *Rivera* v. *Heirs of Lugo,* 42 P.R.R. 183.