**Anthony J. SATTLER, Plaintiff,**

v.

**Jess William MOWRY and Crown Motor Freight Company, Inc., Defendants.**

**Civ. A. 23745.**

United States District Court
E. D. Pennsylvania, at Philadelphia.

Sept. 3, 1958.

John J. DeMarines, Allentown, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendants.

LEAHY, District Judge.

This case involves negligence. The accident occurred in Pennsylvania. Plaintiff is a resident of Pennsylvania. Corporate defendant is a New Jersey corporation. There is a motion to dismiss because individual defendant Mowry is also a resident of Pennsylvania. Plaintiff says this defendant is a resident of Oregon. Hence, the point of decision is where does Mowry have his residence.

Whether the court has jurisdiction over the subject matter of this action; whether it has jurisdiction over the corporate defendant Crown Motor Freight Company, Inc., were presented *in extenso* in the briefs, but they were not pressed or argued.

The record contains Mowry's affidavit which shows at the time suit was started he was living in Pennsylvania. Plaintiff's answer to the motion to dismiss denies Mowry is a resident of Pennsylvania. Then Mowry's deposition was taken about his residence. Thus, a factual issue is presented; but there are no contra facts. Thus, on the paper record here, I do not think Frederick Hart & Co. v. Recordgraph Corp., 3 Cir., 169 F.2d 580, applies.

1. Uncontradicted facts show Mowry and wife lived in Pennsylvania until late 1954 or early 1955, when he moved to

Grant's Pass, Oregon,[1] where he rented a house. He wanted to get into the lumber business but "it did not pan out".[2] In August 1956 he and his family moved back to Pennsylvania.[3] They rented a house until August 1957,[4] when he then bought a home in Lewistown, Pennsylvania.[5] He and his family have resided there since; and his deposition shows he intended to make it his permanent residence.[6] The minutiae of the depositions will not be discussed. It reflects domiciliary intent such as bank accounts, schools, employment, etc. With the exception of an old Oregon driver's license it appears Mowry severed all his connections with Oregon and re-established his family in Pennsylvania.

2. About the driver's license: Mowry had a Pennsylvania driver's license for years, and was so licensed at the time of the accident.[7] When he went to Oregon he got an Oregon license[8] and this remained in effect for several years. His testimony shows at the time of the accident he had with him his Oregon license but not the one from Pennsylvania. He showed the police his Oregon license.[9] Other than the Oregon license, there is nothing to show Mowry was not a resident of Pennsylvania at the commencement of suit on December 10, 1957.

3. This court lacks jurisdiction for want of diversity under 28 U.S.C.A. § 1332(a) (1). An order for dismissal may be submitted.

1. Dep. 20.
2. Dep. 7.
3. Dep. 7, 9.
4. Dep. 10.
5. Dep. 12.
6. Dep. 14.
7. Dep. 17.
8. Dep. 16.
9. Dep. 25–28.