314 F.2d 850
 UNITED STATES of America, Appellant,
v.
VARIOUS ARTICLES OF DRUGS CONSISTING OF UNKNOWN QUANTITIES OF PRESCRIPTION DRUGS Originally Intended for Use as Samples for Physicians, Etc.
 No. 13913.
 No. 13914.
 No. 13958.
 United States Court of Appeals Third Circuit.
 Argued March 5, 1963.
 Decided March 11, 1963.
 
 William W. Goodrich, Asst. Gen. Counsel, Washington, D. C. (Herbert J. Miller, Jr., Asst. Atty. Gen., Harold P. Shapiro, Sydney Brodie, Attys., Dept. of Justice, David M. Satz, Jr., U. S. Atty., Arthur A. Dickerman, Atty., Dept. of Health, Education and Welfare, on the brief), for appellant.
 Sidney Slauson, Englewood, N. J., for appellee in Nos. 13913 and 13914.
 Alan C. Sugarman, Asbury Park, N. J., for appellee in No. 13958.
 Before BIGGS, Chief Judge, and KALODNER and FORMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 It appears from the record in the appeal at No. 13914, Kaybel, Inc., claimant, that the court below filed an order on December 11, 1961. the order appealed from, in which the claimant's motion for summary judgment as to the issue of misbranding was granted. However, Paragraph "5" of this order granted the United States leave to amend its libel, and further stated that the claimant waived notice in respect to the amendment. It also appears from the record that this amended libel was filed on December 12, 1961, one day after the filing date on the order now appealed from.
 
 
 2
 It appears also that in the appeal at No. 13913, Stanack Sales Company, claimant, the same events occurred, in the same order and on the same dates.
 
 
 3
 On the face of the record, neither the amended libel in No. 13914 nor that in No. 13913 has been disposed of. From the record now before us, therefore, it would appear that there are no final judgments for decision on appeal within the meaning of 28 U.S.C.A. § 1291.
 
 
 4
 We are of the opinion, as we stated to counsel in the course of the hearing on the appeals, that we are without jurisdiction to consider the appeals at Nos. 13914 and 13913. These appeals, therefore, must be dismissed, there being no final orders in the causes.
 
 
 5
 In the appeal at No. 13958, Mandell Pharmaceuticals, Inc., claimant, the order appealed from, dated December 6, 1961, granted the claimant's motion for summary judgment on the issue of misbranding as to drugs retained in the original sample packages but denied summary judgment as to those drugs which had been repackaged, mislabeled as to drug contents, or as to which the expiration date had passed. Paragraph "4" of the order granted the United States leave to amend its libel to seek injunctive relief and concurrently denied that relief. Therefore, the order in this case, unlike those in Nos. 13914 and 13913, is, we believe, a final decision for the purposes of appeal to this court.
 
 
 6
 In all three appeals the libels contained allegations which, if treated as operative facts, would demonstrate that the drugs were in the channel of interstate commerce but the answers deny the truth of these allegations. Moreover, we can find no place in the record in any of these three appeals where the court below determined with any degree of clarity that the drugs were in interstate commerce as required for purposes of jurisdiction under the Federal Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq. Nor can we find any clear admissions or stipulations by the parties to that effect. Therefore, as to the appeal at No. 13958, we believe that it is necessary to vacate the judgment appealed from and remand in order that the record may be clarified. In order that summary judgment may properly be granted, there must be no genuine issues as to any material facts. Rule 56(c), Fed.R.Civ.Proc., 28 U.S.C.A. See Lynn v. Smith, 281 F.2d 501 (3 Cir., 1960); Frederick Hart & Co., v. Recordograph Corp., 169 F.2d 580 (3 Cir., 1948).
 
 
 7
 The same objection we have raised to the factual posture of the appeal at No. 13958 applies as well to the appeals at Nos. 13914 and 13913 although, as we have said, the appeals at Nos. 13914 and 13913 will be dismissed on jurisdictional grounds for want of final orders in the causes. If these three cases are to be disposed of upon admissions, as seems to have been attempted, such admissions should appear clearly in the record by way of stipulation made in open court or in writing.
 
 
 8
 The appeals at No. 13913 and No. 13914 will be dismissed for want of jurisdiction. The judgment at No. 13958 will be vacated and the cause remanded for further proceedings.