NICOMEDES RIVERA y MARÍA PADILLA, demandantes y apelados, *v.* SUCESIÓN DE JOSÉ DOLORES LUGO y TOMÁS JORDÁN MIRANDA, MÁRSHAL DE LA CORTE DE DISTRITO DE ARECIBO, demandados y apelante la primera.

No. 5433.—*Sometido:* Abril 10, 1931. *Resuelto:* Abril 30, 1931.

*Luis Mércader,* abogado de la apelante; *Lens & Susoni,* abogado de los apelados.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Aparece del récord una demanda, en la que la acción se titula "Injunction." En ella se alega sustancialmente que los demandantes compraron en subasta llevada a cabo para cobro de contribuciones una finca rústica que se describe; que la sucesión demandada siguió un pleito por reivindicación, contra José Torres, obteniendo sentencia favorable a su demanda y para la ejecución de la cual se expidió mandamiento para que el márshal lanzara de la finca a Torres, y la entregara a los aquí demandados, siendo la finca la misma que habían comprado los demandantes; que el márshal se dispone a cumplir el mandamiento y lanzar de la finca a Torres que es el encargado de ella, por haberlo puesto allí los demandantes; que éstos desde el 16 de diciembre de 1928 eran dueños en absoluto de la finca, por haber transcurrido el año desde la fecha en que pudo redimirse por la sucesión demandada. Se hace la alegación de perjuicio irreparable y la de posible multiplicidad de procedimientos; y la carencia de remedio en ley; y la súplica es como sigue:

"Por todo lo que, el demandante ahora comparece ante esta Hon. Corte, en su carácter de tribunal de equidad y solicita, que previa la prestación y aprobación de una fianza que esta Hon. Corte fijará, teniendo en cuenta el estado económico del demandante, se dicte una orden de entredicho 'interdicto,' para que el márshal aquí demandado se disponga (*sic*) en absoluto de proceder al lanzamiento de José Torres de la finca antes mencionada, y que asimismo se abstenga de molestarle en la posesión de la misma, ni a ninguna otra persona que en igual carácter que él, y por disposición de este de-

mandante, la ocupe, tanto la sucesión demandada como el referido márshal, hasta tanto se resuelva en definitiva el derecho de propiedad que alegamos por la presente demanda, solicitando además la imposición de costas a la sucesión demandada.''

La demanda aparece jurada.

Ocurrieron diferentes incidentes que se señalan como errores. Finalmente la parte demandante pidió que se dictara sentencia sobre las alegaciones, como así se hizo; y contra esta sentencia se ha establecido la presente apelación.

Prescindiremos, por innecesario, del estudio de los señalamientos de error relativos a las fianzas, negativa de señalamiento del caso, etc., limitándonos al que hace referencia a la sentencia dictada sobre las alegaciones.

El argumento presentado por la parte apelante es insostenible. Alega que de antemano había remitido a la secretaría la contestación en oposición a la demanda, aunque no cree que era necesario hacerlo hasta el momento de la vista, si es que es preciso hacerlo para relevar a los demandantes de probar sus alegaciones; que si no había contestación no era preciso incluir el caso en calendario; que pidió se le permitiera en aquel momento radicar y notificar la contestación, y no le fué permitido; y ahí el error.

Como materia de hecho, aparece que el secretario de la corte declaró que nunca se le había entregado contestación alguna; y entonces el abogado de los demandados dijo que ''realmente él no recordaba si había sido radicada la contestación, sino que él tenía idea de que la había enviado a secretaría.'' Esta declaración era fatal para su causa, ya que no quedaba otra información que la del secretario, no contradicha en forma alguna. Páginas 44 y 45 de la transcripción.

Y en materia de derecho, encontramos que, si la demanda en este caso puede tenerse como una de *injunction*, es indudable que no se trata de recurso extraordinario, como cree la apelante, sino de procedimiento de equidad, y el caso es uno constitutivo de un litigio por sí.

■■■ Pero, ¿puede en caso como el de autos, dictarse sentencia por las alegaciones, sin otra tramitación?

Hemos copiado la súplica de la demanda. Si vemos las alegaciones, encontramos que de la segunda aparece la de propiedad de determinada finca rústica; de la tercera, la cuarta y la quinta, la existencia de una sentencia en que se declaró que esa misma finca es de los aquí demandados, y las diligencias de éstos para ejecutar tal sentencia, y lanzar de la finca a su ocupante José Torres, que se dice ser un encargado por *el demandante* (?); de la sexta la afirmación de que *el demandante* (?) es dueño absoluto de la finca; de la séptima la posesión por *el demandante* (?), las que llevan los números octavo y noveno, hacen relación a los daños irreparables, multiplicidad de procedimientos y carencia de remedio en ley.

Esta no es una demanda de *injunction*. Es una acción para discutir la propiedad y el título; y confirman esta aseveración las últimas palabras de la súplica, que por lo menos sirven para interpretar el propósito de los demandantes. Son éstas: ''hasta tanto se resuelva en definitiva el derecho de propiedad que alegamos por la presente demanda.''

En esas condiciones, cuantas advertencias hace la jurisprudencia continental y la de Puerto Rico, acerca de la cautela que debe presidir a la concesión de este delicado remedio de *injunction,* son de recordar ·y de observar. Y si se trata de resolver, directa o implícitamente, algo como la propiedad de un inmueble, los preceptos del Código de Enjuiciamiento Civil, en cuanto a casos de rebeldía, deben ser seguidos; y así el del número 2, artículo 194, que dice:

''En otros pleitos, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación o de su prórroga si se hubiere concedido, deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar en la primera o cualquiera de las subsiguientes sesiones de la corte, que se le conceda lo pedido en la demanda. . .''

Es verdad que este motivo de error no ha sido alegado; pero entendemos que, por su importancia, y porque quizá afecte a la misma jurisdicción de la corte en esta materia de *injunction*, podemos y debemos estudiarlo y resolverlo, de acuerdo con la sección 1141 de los Estatutos Revisados de Puerto Rico, Compilación de 1911, que, a nuestro juicio, dispone que consideremos los méritos todos del caso, en evitación de injusticias y demoras, y para mejor administración del derecho y la justicia. Tal vez pueda dudarse de si el precepto es imperativo, o simplemente permisivo. Pero de todas maneras, ante el hecho de que la demanda no contiene una verdadera petición de *injunction*, sino que más bien es una demanda de reivindicación, o de declaración de propiedad, y la sentencia es una de *injunction* que prohibe a la sucesión demandada ejecutar una sentencia en la que se declaró su propiedad cerca de la finca; y que por lo visto, no tiene un límite en su prohibición, lo que la haría definitiva, al menos de hecho, en cuanto a la posesión de la finca, no podríamos consentir que prevaleciera tal resolución que crea un estado de derecho sin justificación en los autos.

*La sentencia apelada debe ser revocada y devuelto el caso a la corte inferior para ulteriores procedimientos no inconformes con esta opinión.*

El Juez Asociado Señor Wolf no intervino.