Amina Luisa Sánchez, demandante y apelante, v. Rafael de Choudens Cobián, demandado y apelado.

Número 10925.

*Sometido:* 2 de noviembre de 1953. *Resuelto:* 16 de febrero de 1954.

*E. Acosta Domenech,* abogado de la apelante, *Canales & Segarra,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la demanda presentada por Amina Luisa Sánchez contra Rafael de Choudens Cobián se alega en esencia que por escritura otorgada ante notario público, el demandado reconoció adeudar a la demandante la suma de $5,000 en pago de una transacción judicial y se comprometió a satisfacerle $50 mensuales por el término de un año y a vender una propiedad de él para pagarle los $5,000 adeudados; que aunque tal condición no se hizo constar en la escritura reconociendo la deuda, fué convenido entre las partes que el demandado vendería dicha propiedad en un término no mayor de seis meses; que dicha deuda está vencida y es líquida y exigible, habiendo la demandante requerido al demandado el pago de la misma en repetidas ocasiones; y que el demandado adeuda además a la demandante dos plazos—que se especifican—del contrato de $50 mensuales. Se suplica se condene al demandado a pagar a la demandante (*a*) la suma de $5,000; (*b*) la de $100; (*c*) que "de resolverse que el plazo de vencimiento no está señalado, por haber quedado a voluntad del deudor, se condene al demandado a pagar la suma de $5,000 reclamados y se fije por dicho tribunal el plazo o término para hacer efectivo el pago de la deuda"; y (*d*) se condene al demandado a pagar las costas y la suma de $750 por concepto de honorarios de abogado.

El demandado radicó oportunamente una solicitud de sentencia sumaria en la que, luego de hacer referencia a la acción radicada en su contra y a las estipulaciones contraídas por las partes a virtud de la citada escritura, manifiesta que entiende que no existe controversia real alguna en cuanto a nin-

gún hecho material porque (*a*) de acuerdo con los términos de la escritura, copia certificada de la cual acompaña, el único compromiso contraído por él consiste en pagarle a la demandante los $5,000 tan pronto venda un edificio de su propiedad radicado en Hyde Park, Río Piedras; (*b*) que dicho edificio ha estado a la venta desde hace mucho tiempo, pero hasta la fecha el mismo no se ha vendido; (*c*) que la alegación contenida en la demanda al efecto de que "fué convenido verbalmente entre las partes la venta de dicha propiedad en un término no mayor de seis meses," no evita en forma alguna la procedencia de la sentencia sumaria "porque (1) esa alegación es eliminable y no podría presentarse prueba testifical para variar el alcance y contenido de un documento escrito; (2) asumiendo que fuese admisible tal evidencia oral, no es cierto que esa condición se estipulara entre las partes contratantes; (3) asumiendo que fuese cierto que se estipulara verbalmente esa condición y que prueba de la misma fuese admisible en evidencia, no surge de la demanda ninguna alegación que indique que se convino entre las partes que si la propiedad no fuese vendida en el plazo indicado la obligación sería líquida y exigible; y (4) que los $100 fueron satisfechos en su oportunidad.

La anterior solicitud de sentencia sumaria estuvo acompañada por una declaración jurada suscrita por el propio demandado, en la cual hace constar que no es cierto que se conviniera por las partes que él vendería la propiedad dentro de un plazo de seis meses; que nunca se convino tal cosa ni por escrito ni verbalmente; que ha tenido la referida propiedad en venta desde antes de firmarse la escritura pero no ha tenido éxito en ello; que en ningún momento se estipuló verbalmente ni en forma otra alguna que en caso de no venderse la propiedad dentro del período de seis meses el demandado vendría obligado a pagar $5,000 a la demandante; y que los $100 fueron enviados a la demandante por conducto de su hija. También acompañó a dicha solicitud de sentencia sumaria

una declaración jurada de esta última, al efecto de que el demandado le entregó la cantidad de $100 y ella remesó la misma a su señora madre a Wáshington, tan pronto ésta regresó de Europa.

El tribunal a quo dictó resolución en la cual, después de hacer una relación de las alegaciones de la demanda, de referirse a la solicitud sobre sentencia sumaria y a los *affidavits* a ésta acompañados, y de hacer constar que la demandante no radicó *affidavit* alguno en oposición a la moción del demandado, manifestó que la controversia planteada se limita a determinar si existe una deuda vencida, líquida y exigible a virtud de lo convenido por la escritura pública, y si se efectuó o no el pago de los $100. Indicó además en su resolución que después de un detenido y cuidadoso examen de los términos de la escritura llegaba a la conclusión de que las partes habían convenido en que el demandado le pagaría a la demandante la cantidad de $5,000 al momento de efectuarse la venta de su propiedad radicada en Hyde Park, pero que no surgía de los términos claros y precisos de dicha escritura la obligación de efectuar la venta de dicha propiedad dentro de un plazo de seis meses y que "cualquier evidencia o prueba oral que se pretendiese presentar para variar los términos de lo convenido en dicha escritura, no sería admisible en evidencia, ya que se trataría de variar el contenido de un documento escrito mediante prueba testimonial." Dijo, asimismo, que no estando obligado el demandado a satisfacer dicha suma hasta que se efectúe la venta de dicha propiedad y no habiéndose controvertido por la demandante la declaración jurada suscrita por el demandado a los efectos de que la misma no ha sido vendida, dicha obligación no puede considerarse como vencida, líquida y exigible, no viniendo el demandado a satisfacerla hasta que se efectúe la venta de dicha propiedad. Entendió igualmente el tribunal a quo que los documentos acompañados a la solicitud de sentencia sumaria probaban fehacientemente que la suma de $100 fué debidamente satisfecha

a la demandante. Finalmente llegó a la conclusión "de que en este caso no existe controversia real en cuanto a ningún hecho material, teniendo el demandado derecho a que se dicte . . . una sentencia sumaria como cuestión de ley." Con esos razonamientos dictó sentencia declarando sin lugar la demanda y condenando a la demandante al pago de $200 por concepto de honorarios. Solicitada reconsideración, haciéndose constar que la acción está fundada en el artículo 1081 del Código Civil vigente([1]) o sea que el propósito de la acción no es otro que solicitar se señale un plazo para el vencimiento de la obligación, la misma fué declarada sin lugar.

En apelación se imputa al tribunal a quo haber errado al declarar con lugar la moción sobre sentencia sumaria, sin tomar en consideración lo prescrito en el artículo 1081 del Código Civil; al declarar sin lugar la moción de reconsideración y al condenar a la demandante a pagar la suma de $200 por concepto de honorarios de abogado.

■■ De acuerdo con la Regla 56(b) de las de Enjuiciamiento Civil "una parte contra la cual se haya formulado una reclamación . . . podrá, en cualquier momento, presentar una moción, basada o no en *affidavits*, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma." Y según su apartado (c) "la moción se notificará a la parte contraria . . . Con anterioridad al día de la vista, *la parte contraria podrá radicar y notificar affidavits en oposición. La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones y admisiones hechas junto con los affidavits, si los hubiere, probaren que,* con excepción de la cuantía de los daños, *no hay controversia real en cuanto a ningún hecho material, y que la parte que haya pre-*

---

([1]) El artículo 1081 del Código Civil, ed. 1930, dispone:

"Artículo 1081.—Si la obligación no señalare plazo, pero de su naturaleza y circunstancias se dedujere que ha querido concederse al deudor, los tribunales fijarán la duración de aquél.

"También fijarán los tribunales la duración del plazo cuando éste haya quedado a voluntad del deudor."

*sentado la moción tiene derecho a sentencia como cuestión de ley."* (Bastardillas nuestras.)

Es principio conocido en derecho que el procedimiento de sentencia sumaria es eficaz y sirve un fin saludable, si puede ser utilizado para vulnerar las aseveraciones de hechos contenidos en las alegaciones *(pleadings)*. También lo es que la sentencia sumaria sólo procede en aquellos casos en que no existe una genuina controversia sobre hechos materiales. *Hettinger & Co.* v. *Tribunal de Distrito,* 69 D.P.R. 137; *Ramos* v. *Pueblo,* 67 D.P.R. 640; *Fernández* v. *Corte,* 71 D.P.R. 161, 188; *Sucn. Guerra* v. *Sánchez,* 71 D.P.R. 807; 6 Moore's *Federal Practice,* segunda edición, pág. 2027, sección 56.03.

En el presente caso, conforme indicó el tribunal sentenciador, la demandante no presentó declaraciones juradas en oposición a las del demandado. La cuestión a determinarse es, pues, si habiendo el demandado acompañado su moción sobre sentencia sumaria de las declaraciones ya indicadas y no habiendo la demandante presentado contradeclaraciones juradas ni documento alguno en oposición a tal solicitud, procede dictarse sentencia sumaria a favor del demandado por no existir controversia real alguna sobre ningún hecho material.

Existe un conflicto difícil de armonizar en las decisiones de los distintos tribunales de apelaciones de los Estados Unidos sobre la materia, pues si bien un número de ellos son del criterio de que no procede una sentencia sumaria en aquellos casos en que la parte contra quien se solicita no objeta a la misma ni hace gestión alguna en oposición a ella, a pesar del hecho de que tal moción ha estado acompañada de declaraciones juradas o de documentos admisibles en evidencia—Véanse *Farrall* v. *District of Columbia Amateur Ath. Union,* 153 F.2d 647; *Rogers* v. *Girard Trust Co.,* 159 F.2d 239; *Chappell* v. *Goltsman,* 186 F.2d 215; *Lane Bryant* v. *Maternity,* 173 F.2d 559; *Butcher* v. *United Electric Coal Co.,* 174 F.2d 1003; *Transcontinental G.P.L. Corp.* v. *Borough of Milltown,* 93 F. Supp. 283, 286; 2 Moore's *Federal Practice,* (2da. edición

1948) pág. 2255; *United States* v. *Association of American Railroads*, D. C. Neb. 1945, 4 F.R.D. 510; *Frederick Hart & Co.* v. *Recordgraph Corp.*, 169 F.2d 580—muchos otros, sin embargo, han decidido que cuando en apoyo de la moción sobre sentencia sumaria se presentan declaraciones juradas que cumplen con los requisitos de las Reglas de Enjuiciamiento Civil—Regla 56 (*e*)—o documentos admisibles en evidencia, si la parte contraria no radica contradeclaraciones ni da paso alguno para oponerse a la moción, ésta debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos presentados demuestren que no existe una genuina controversia de hechos. *Zampos* v. *United States Smelting Refining and Min. Co.*, 206 F.2d 171; *Engl* v. *Aetna Life Ins. Co.*, 139 F.2d 469; *Forde* v. *United States*, 189 F.2d 727. Con estos últimos estamos de acuerdo. El criterio de los tribunales últimamente mencionados se funda en que las alegaciones de por sí no suscitan ninguna controversia de hechos, como ocurre con los hechos expuestos en una declaración jurada o en documentos acompañados a una moción sobre sentencia sumaria. También sostienen esos mismos tribunales que el propósito de las alegaciones es determinar de qué trata el caso y que las aseveraciones de hechos en ellas contenidas no plantean controversia judicial alguna si las declaraciones juradas posteriormente radicadas revelan que no existe controversia alguna sobre ningún hecho material.

En 51 Mich.L.Rev. 1143, aparece una interesante monografía escrita por dos abogados del Distrito de Columbia —Mc Ashill y Willis B. Snell—en la cual discuten extensamente el procedimiento de sentencias sumarias. A las páginas 1165 y 1172 de la misma se expresan así:

"B.—*Qué debe hacer la parte contraria para suscitar una cuestión de hechos:* La próxima cuestión a ser determinada es cómo la parte contraria debe levantar una cuestión de hechos si es que las alegaciones por sí solas son insuficientes. Presumamos que el tribunal resuelve que las alegaciones no suscitan una cuestión de hechos, y que en declaraciones juradas y en los otros

documentos radicados en apoyo de su moción, el promovente ha aducido hechos que, de no ser controvertidos, serían suficientes para justificar se dicte una sentencia sumaria a su favor. La parte contraria puede entonces hacer una de varias cosas: (1) cruzarse de brazos; (2) presentar una moción solicitando sentencia sumaria a su favor apoyada en contraaffidavits; (3) indicar que existe una controversia de hechos y que se propone demostrar lo contrario de lo que el promovente ha manifestado mediante la prueba que aducirá en el juicio; (4) manifestar meramente que los hechos son contrarios a los alegados por el promovente; (5) indicar que no le es posible presentar los hechos debido a que éstos son del conocimiento exclusivo del promovente; (6) exponer hechos contrarios a los expuestos por el promovente.

"(1) Si la parte contraria nada hace, parece claro que no hay controversia alguna de hechos (a menos que se resuelva que las alegaciones son suficientes para suscitar una controversia de hechos). Así pues, se ha resuelto que cuando no se presentan contradeclaraciones juradas no existe controversia alguna de hechos y que la corte debe aceptar como ciertas las aseveraciones de hechos que figuran en las declaraciones juradas de la parte promovente;" citando los siguientes casos: *Allen Radio Corporation of America,* (D. C. Del. 1942) 47 F. Supp. 244, 245; *Cf. Stahly, Inc.* v. *M. H. Jacobs Co.,* (7º. Cir. 1950) 183 F.2d 914, 916, cert. den. 340 U. S. 896, 71 S. Ct. 239 (1950); *Lauchert* v. *American S. S. Co.,* (D. C. N. Y. 1946) 65 F.Supp. 703, 707; *Winrod* v. *McFadden Publications, Inc.,* (D. C. Ill. 1945) 62 F. Supp. 249; *Seward* v. *Nissen,* (D. C. Del. 1942) 2 F.R.D. 545, 546; *Cf. Foster* v. *General Motors Corp.,* (7º Cir. 1951) 191 F.2d 907, 912, cert. den. 343 U. S. 906, 72 S. Ct. 634 (1952); *Morris* v. *Prefabrication Engineering Co.,* (5º Cir. 1950) 181 F.2d 23, 25; *Gifford* v. *Travelers Protective Association of America,* (9º Cir. 1946) 153 F.(2d) 209, 210. Véase 99 Univ. Pa. L. Rev. 212, 220 (1950). "También se ha resuelto que 'la parte contraria debe revelar suficientemente qué evidencia aducirá para demostrar que existe una genuina controversia de hechos a ser juzgada.'...

".     .     .     .     .     .     .     .

"A fin de asegurar la eficacia del procedimiento, debe concluirse que cuando se acompañan otros documentos en apoyo de la moción, las alegaciones consideradas por sí solas o en unión a tales documentos no bastan para suscitar una contro-

versia de hechos. No obstante la existencia de un número de casos que se pronuncian en sentido contrario, hoy día la mayoría de los Tribunales de Circuito parecen aceptar ésta como la regla correcta. Para suscitar una cuestión de hechos debe obligarse a la parte contraria a presentar suficiente evidencia que demuestre la existencia de la controversia; la mera indicación de que existe tal controversia y de que se producirá evidencia durante el juicio no debe ser suficiente."

En 99 Univ. Pa. L. Rev. 212, aparece un estudio sobre la materia, que lleva por título "Sentencia Sumaria en los Tribunales Federales (*Summary Judgment in the Federal Courts*)." A las págs. 214 y 215 se dice lo siguiente:

"Sin embargo, cuando los hechos admisibles en evidencia que figuran en las declaraciones juradas u otros documentos del promovente contradicen las aseveraciones contenidas en las alegaciones de la parte contraria, varias decisiones recientes han indicado que las alegaciones contrarias resultaban *ipso facto* suficientes para suscitar una genuina controversia de hechos materiales. Sostengo que estos casos están claramente equivocados. Su génesis parece ser un *dictum* contenido en el caso de *Frederick Hart & Co.* v. *Recordgraph Co.*, (169 F.2d 580, 581) resuelto por el Tribunal de Apelaciones para el Tercer Circuito en el año 1948, al efecto de que las declaraciones juradas no pueden ser consideradas a los fines de una moción para desestimar como 'prueba contraria a hechos bien alegados en la demanda.' Aunque no se desprende claramente del caso de *Hart* si la moción de la parte demandada era una para desestimar la demanda o en solicitud de sentencia sumaria, sostengo que las palabras citadas son inaplicables a una moción de esta última naturaleza. Los tratadistas y la abrumadora mayoría de las decisiones en todos los circuitos sostienen este criterio sin limitación alguna."

El tratadista Moore en su obra sobre Práctica Federal, segunda edición, sección 56.11, se expresa así a la página 2068 del volumen 6:

"Existen algunas decisiones—principalmente manifestaciones judiciales—al efecto de que una aseveración de hechos contenida en una alegación no puede ser controvertida mediante declara-

ción jurada y, por ende, que en tales casos una moción sobre sentencia sumaria debe ser declarada sin lugar. Esa doctrina pasa por alto el hecho de que uno de los fines primordiales del procedimiento de sentencia sumaria es vulnerar las alegaciones; y, de ser aplicada, en gran parte anularía el procedimiento de sentencia sumaria. La verdadera regla es contraria a la anterior doctrina."

Estamos contestes, repetimos, con el criterio de los tribunales y tratadistas mencionados últimamente, al pronunciarse en el sentido de que cuando se solicita sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia y la contraparte se cruza de brazos y nada hace en oposición a tal solicitud, la misma debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos radicados demuestren que no existe controversia alguna sobre ningún hecho material. Cualquier otra interpretación convertiría el procedimiento de sentencia sumaria en letra muerta. Conforme indica el Juez Clark, del Tribunal de Apelaciones de los Estados Unidos para el Segundo Circuito, en la monografía que aparece publicada en 36 Minn.L.Rev. 567, 577, "La intención de la regla es que la persona contra quien se dirija repela el ataque descubriendo los méritos de su caso en forma igualmente precisa."

No obstante la conclusión a que antes llegamos, no confirmaremos la sentencia apelada por los motivos que pasamos a exponer en seguida: el tribunal a quo hizo constar en su resolución que cualquier prueba oral que se pretendiese presentar para variar los términos de lo convenido en la escritura pública sería inadmisible. Empero, esa prueba oral no sería evidencia extrínseca para variar los términos de la escritura, sino más bien evidencia de un contrato verbal celebrado posteriormente por las mismas partes con el propósito de modificar los términos del contrato escrito originalmente otorgado por ellas. Prueba oral a ese efecto era cla-

ramente admisible. Véase nuestra opinión *per curiam* dictada con fecha 26 de marzo de 1953 en el caso de *Ortiz & Buxeda* v. *Pieterz,* así como Jones *on Evidence,* volumen 2, sec. 442, pág. 844 y Wigmore *on Evidence,* Tercera edición, volumen IX, sec. 2441, pág. 130. Las manifestaciones del tribunal sentenciador a ese respecto es probable que indujeran a error a la apelante. De haberse expresado dicho tribunal correctamente sobre esa cuestión es posible que la demandante radicara contradeclaraciones juradas en relación con el supuesto convenio oral.

Por otro lado, si conforme se hizo constar en la moción de reconsideración el objeto de la demanda era solicitar del tribunal que fijara un plazo de vencimiento a la obligación, dicho tribunal pudo muy bien conceder permiso a la demandante para enmendar su demanda a ese efecto. La Regla 15(*b*) dispone que tal permiso se concederá liberalmente—6 Moore's op. cit., pág. 2056, sec. 56.10—y la fijación del plazo puede hacerse dentro del propio pleito en cobro de la obligación.(2) *Rivera* v. *Cardona,* 56 D.P.R. 819, 823; *Nicorelli* v. *López & Co.,* 26 D.P.R. 55. *Cf.* artículo 1081 del Código Civil, ed. 1930. El tribunal sentenciador debió tomar en consideración este motivo adicional.

De acuerdo con la número 1 de las Reglas de Enjuiciamiento Civil, las mismas "se interpretarán en forma tal que garanticen una solución justa, rápida y económica de toda acción." Así interpretadas, consideramos que debe darse oportunidad a la demandante para que radique contradeclaraciones juradas en oposición a la moción sobre sentencia sumaria del demandado o para que, si así lo desea, radique de-

---

(2) En la demanda en sí no se solicita la fijación del plazo para el vencimiento de la obligación, pero tal solicitud aparece en la súplica y aunque ésta no forma parte de la demanda sirve para interpretarla. *Isern* v. *Benítez,* 57 D.P.R. 342; *García* v. *García,* 70 D.P.R. 949, 957; *Rivera* v. *Sucn. Lugo,* 42 D.P.R. 189.

manda enmendada a los fines de alegar que su acción tiene como objetivo solicitar la fijación de un plazo para el vencimiento de la obligación.

Dadas las anteriores conclusiones es innecesario discutir los demás errores señalados.

*La sentencia apelada será revocada y devuelto el caso al tribunal sentenciador para ulteriores procedimientos consistentes con esta opinión.*