MUNICIPIO DE PONCE y PEDRO BADILLO, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. HÉCTOR RUIZ SOMOHANO, JUEZ, demandado; LEONIDES TORRES FIGUEROA y su esposa CONSUELO POLA, interventores.

Número 2086

*Sometido:* 1 de noviembre de 1955. *Resuelto:* 30 de noviembre de 1955.

*Pedro E. Muñiz Ramos,* abogado de los peticionarios; *Aníbal Padilla,* abogado de los interventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Leonides Torres Figueroa y su esposa, Consuelo Pola, instaron contra el Municipio de Ponce y Pedro Badillo demanda sobre quebrantamiento de contrato y daños y perjuicios ante la Sala de Ponce del Tribunal Superior de Puerto Rico. Alegaron en ella esencialmente que allá para el 15 de agosto de 1950 compraron al Municipio de Ponce en el cementerio conocido por "Canas", un predio de terreno, que describen y que fué debidamente identificado; que del mismo tomaron posesión y sustituyeron las estacas que había con postes de concreto; que pagaron por la mencionada parcela la suma de $8, otorgándoseles el correspondiente recibo; que antes de adquirir el mencionado predio ellos estaban en posesión del mismo en calidad de arrendatarios y en él habían enterrado una hija suya, de nombre Consuelo Torres; que para el día de la compraventa ya habían colocado una cruz de concreto, levantado con piedras una pared y cubierto todo con matas de flores y rosas; que en octubre de 1952, cuando el demandante Torres Figueroa salió del hospital, fué a ver la tumba y parcela descritas y halló que la cruz, postes y tiestos habían sido removidos y se había enterrado allí otra persona de nombre Héctor Badillo, hijo del codemandado Pedro Badillo; que Torres Figueroa fué a ver inmediatamente a Pedro Badillo pero éste se negó rotundamente a informarle dónde estaban los restos de su hija, alegando Badillo que él había comprado el predio mencionado al municipio y que éste había ordenado al celador del cementerio que procediera a permitir la inhumación de su hijo Héctor; que dicho demandante fué asimismo al municipio y allí lo refirieron al

director de obras públicas, quien le ofreció otra parcela, pero se negó a informarle sobre el paradero de los restos de su hija; que la actitud asumida por los demandados ha creado una situación de angustia y sufrimiento que ha puesto en peligro la salud de la demandante Consuelo Pola y perjudicado también la vida del codemandante Torres Figueroa; y que los sufrimientos físicos y mentales por ellos tenidos los justiprecian en la suma de $10,000, cantidad por la cual solicitan se dicte sentencia.

Concedida prórroga para contestar y luego de declararse sin lugar una moción para desestimar por falta de hechos, el Municipio presentó una moción jurada solicitando se dictara sentencia sumaria a su favor. Esa moción estuvo acompañada de dos declaraciones juradas y de tres certificaciones. Los demandantes no radicaron por escrito oposición a la misma, ni presentaron contradeclaraciones o documentos de clase alguna para controvertirla. Celebrada una vista en relación con la misma, comparecieron ambas partes y, después de oírlas, el tribunal a quo dictó resolución declarando sin lugar la moción sobre sentencia sumaria. Para revisar esa resolución, libramos un auto de *certiorari* a instancias del municipio demandado. El nervio de la cuestión legal suscitada por la petición presentada al efecto es si el tribunal a quo actuó o no acertadamente al negarse a dictar sentencia sumaria en favor del municipio, no obstante haber estado su moción acompañada, como se ha dicho, de declaraciones juradas y documentos y a pesar de que los demandantes no radicaron contradeclaraciones ni documentos para controvertir lo alegado en aquélla ni para refutar los hechos expuestos en las declaraciones y documentos a ella acompañados.

■■ Según el inciso (*b*) de la Regla 56 de las de Enjuiciamiento Civil:

"Una parte contra la cual se haya formulado una reclamación, reconvención o reclamación recíproca, o contra la cual se solicite una sentencia declaratoria, podrá, en cualquier momento, presentar una moción, basada o no en *affidavits,*

para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la misma."

Y de conformidad con el inciso (c) de la misma Regla:

". . . La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones y admisiones hechas junto con los *affidavits*, si los hubiere, probaren que, con excepción de la cuantía de los daños, no hay controversia real en cuanto a ningún hecho material, y que la parte que haya presentado la moción tiene derecho a sentencia como cuestión de ley."

Interpretando los incisos antes copiados de la Regla 56, en el caso de *Hettinger & Co.* v. *Tribl. de Distrito*, 69 D.P.R. 137, dijimos que:

"Procede una sentencia sumaria sólo cuando de los *affidavits* acompañados tanto en apoyo de, como en oposición a, la moción sobre tal sentencia no queda ningún hecho material en controversia."

Ese principio fué ratificado por nosotros en *Hernández* v. *Caraballo*, 72 D.P.R. 673, al igual que en *Sánchez* v. *De Choudens*, 76 D.P.R. 1, y en otros casos en él citados. Desde luego, antes de determinar si en el presente existe o no una genuina controversia sobre hechos materiales, es necesario resolver el efecto que sobre toda la situación tuvo el hecho de no haber los demandantes radicado declaraciones o documentos para refutar los hechos expuestos en los acompañados a la moción sobre sentencia sumaria radicada por los demandados. La cuestión así suscitada ha sido discutida por este Tribunal con bastante amplitud en el caso de *Sánchez* v. *De Choudens*, supra, págs. 6 a 10. En él resolvimos en esencia que "existe un conflicto difícil de armonizar en las decisiones de los distintos tribunales de apelaciones de los Estados Unidos sobre la materia, pues si bien un número de ellos son del criterio de que no procede una sentencia sumaria en aquellos casos en que la parte contra quien se solicita no objeta a la misma ni hace gestión alguna en oposición a ella, a pesar del hecho de que tal moción ha estado acompañada de declaraciones juradas y de documentos admisibles en evidencia (citas)

muchos otros, sin embargo, han decidido que cuando en apoyo de la moción sobre sentencia sumaria se presentan declaraciones juradas que cumplen con los requisitos de las Reglas de Enjuiciamiento Civil—Regla 56 (e)—o documentos admisibles en evidencia, si la parte contraria no radica contradeclaraciones ni da paso alguno para oponerse a la moción, ésta debe ser declarada con lugar, siempre que las declaraciones juradas u otros documentos presentados demuestren que no existe una genuina controversia de hechos. El criterio de los tribunales últimamente mencionados se funda en que las alegaciones de por sí no suscitan ninguna controversia de hechos, . . ." El estudio ulterior que de la cuestión hemos hecho hace que nos ratifiquemos en el criterio anteriormente enunciado.

En el presente caso los demandantes no sólo no radicaron declaraciones juradas ni documentos para controvertir las aseveraciones contenidas en la moción sobre sentencia sumaria y en las declaraciones y documentos admisibles en evidencia a ésta acompañados, sino que en su alegato repetidamente insisten en que durante la vista celebrada en relación con la aludida moción ellos hicieron suyos tales documentos. Es imperativo, pues, determinar si analizados los documentos acompañados a esa moción, no queda ninguna controversia genuina de hechos a ser determinada. Veamos:

El primer documento acompañado a la moción lo fué una declaración jurada de Vicente Ruiz Colón, en la cual éste manifiesta que es Secretario del Municipio de Ponce; que como tal tiene bajo su custodia todos los libros y documentos del municipio, entre los que están los libros de contratos de compraventa de predios de terreno en el cementerio municipal de aquella ciudad y todas las ordenanzas de la asamblea de ese municipio; y que entre ellos se encuentran los documentos relacionados con la moción sobre sentencia sumaria.

El segundo documento lo fué una certificación suscrita por dicho Vicente Ruiz Colón, de la cual se desprende que en 20 de septiembre de 1950 el Municipio de Ponce vendió a la

demandante Consuelo Pola un predio en el cementerio de Canas, que se describe como que parte de la esquina sureste de la tumba de Miguel Ortiz Fernández y con rumbo S–25°05' W.

Los documentos tercero y cuarto fueron sendas certificaciones acreditativas de que el Municipio de Ponce en 12 de septiembre de 1952 vendió a Pedro Badillo dos predios de terreno en el referido cementerio, el primero de los cuales parte de la esquina noreste de la tumba de Dolores Goyco y Rivera, con rumbo S–35°20' E, y el segundo de la esquina noreste de la misma tumba con rumbo N–71°10'.

El quinto y último documento acompañado a la moción lo fué una declaración jurada de Pedro Juan Vega Collazo, en la cual declara que es el encargado del cementerio municipal de Ponce; que ha ocupado dicho cargo durante varios años, específicamente durante los períodos a que se contrae la demanda; que conoce el predio de terreno propiedad de los demandantes que se describe en la demanda, y que le consta de propio y personal conocimiento que dichos demandantes no colocaron signos de identificación permanente, tales como puntos de cemento, cruces permanentes, murallas, cadenas, postes, etc., (¹) así como que el mencionado predio no ha sido vendido a ninguna otra persona ni usado por nadie que no sean los demandantes, y que los predios vendidos al codemandado Pedro Badillo son otros.

Aceptado como cierto, a los fines de la moción sobre sentencia sumaria, cuanto se hace constar en las anteriores declaraciones juradas y certificaciones admisibles en evidencia, y no habiendo los demandantes radicado oposición escrita, ni *affidavits* o documento alguno para controvertir los mismos, ¿existe en este caso una genuina controversia de hechos?

---

(¹) En la moción sobre sentencia sumaria se alegó además, entre otras cosas, que de haber habido alguna perturbación al predio vendido a los demandantes ello se debió a que éstos "en ningún momento cumplieron con las disposiciones del contrato, o sea marcar el lote clara y positivamente con postes, cadenas, murallas, cruces y cualesquiera otros signos de identificación, siendo esto además un requisito de la Ordenanza Núm. 26, Serie de 1930 del Municipio de Ponce."

Creemos que sí. Aun aceptando como cierto cuanto figura en las declaraciones juradas y documentos acompañados a la moción sobre sentencia sumaria, hay alegaciones de la demanda que no han sido controvertidas en forma alguna. En la demanda presentada se aduce, entre otras cosas, que "cuando el demandante Torres Figueroa salió del hospital fué a ver la tumba y parcela descritas y halló que la cruz, postes y tiestos habían sido removidos y se había enterrado allí otra persona . . . que Torres Figueroa fué a ver inmediatamente a Pedro Badillo pero éste se negó rotundamente a informarle dónde estaban los restos de su hija, . . . que dicho demandante fué asimismo al municipio y allí lo refirieron al director de obras públicas, quien le ofreció otra parcela, pero se negó a informarle sobre el paradero de los restos de su hija." Esas alegaciones afirmativas no han sido en manera alguna refutadas. Siendo ello así, existe una genuina controversia de hechos en relación con las mismas. En su consecuencia, el tribunal a quo estuvo en lo cierto al negarse a dictar sentencia sumaria en favor del municipio demandado.

*Debe anularse el auto expedido y devolverse el caso al tribunal a quo para ulteriores procedimientos.*