# 2001 DTA 102

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMÁ

CARMEN MACHADO MALDONADO, POR SI Y EN REPRESENTACION DE SUS HIJOS MENORES, LUDEMAR Y ANGEL LUIS CARRION MACHADO; ADALBERTO RIVERA DAVILA, MIGDALIA FIGUEROA RAMOS Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS, POR SI Y EN REPRESENTACION DE SUS HIJOS MENORES, GETZABEL, BETRABETH, ANABEL, FRANCHESKA, TODAS DE APELLIDO RIVERA FIGUEROA
Demandantes-Recurridos

v.

AUTORIDAD DE CARRETERAS; REDONDO CONSTRUCTION, ADALBERTO ESPADA RIOS Y SU ESPOSA JANE DOE Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS; SU COMPAÑIA ASEGURADORA XYZ; JOHN DOE, RICHARD DOE
Demandados-Recurrentes

Núm. KLCE-00-00801

San Juan, Puerto Rico, a 23 de enero de 2001

Panel integrado por su Presidente, la Juez Pesante Martínez
y los Jueces Rodríguez García y Salas Soler

Rodríguez García, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Por medio de la presentación de una solicitud para que expidamos un auto de *certiorari*, comparece ante este Tribunal la co-demandada Autoridad de Carreteras de Puerto Rico (*"Autoridad de Carreteras"*). En su recurso, ésta nos solicita que revoquemos una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas, el día 13 de junio de 2000, copia de cuya notificación fue archivada en autos el día 21 de junio de 2000. Mediante el referido dictamen, el foro judicial de instancia declaró sin lugar una solicitud de desestimación oportunamente instada por la Autoridad de Carreteras contra una acción judicial sobre daños y perjuicios promovida por la co-demandante Carmen Machado Maldonado y otros.

Considerado el recurso en sus méritos, expedimos el auto solicitado y revocamos la resolución recurrida.

### I. Trasfondo Fáctico y Procesal

El día 7 de noviembre de 1995, Carmen Machado, por sí y en representación de sus hijos menores, Ludemar y Angel Luis, ambos de apellidos Carrión Machado (*"Machado"*), y Adalberto Rivera Dávila, Migdalia Figueroa, la Sociedad de Gananciales por ellos compuesta, en nombre propio y también en representación de sus hijos menores de edad Getzabel, Betrabeth, Anabel y Francheska, todas de apellidos Rivera Figueroa, (*"Rivera Dávila"*) presentaron una demanda de daños y perjuicios contra la Autoridad de Carreteras, la firma Redondo Construction, Adalberto Espada Ríos (*"Espada"*) y contra varias personas o entidades denominadas con nombres ficticios. (Apéndice del *certiorari*, págs. 4-7.)

Resumidamente, en la acción se alegó que allá para el día 8 de noviembre de 1994, mientras conducía negligentemente y a exceso de velocidad un vehículo Ford Van modelo 1988 por la carretera núm. 30 en dirección de Gurabo a Juncos, Espada perdió el control del volante, cruzó la isleta central y fue a impactar el vehículo Ford Bronco modelo 1993 en que viajaban en dirección de Las Piedras a Juncos el chofer Rivera Dávila, quien sufrió serios daños a raíz del accidente, y el ingeniero Angel Luis Carrión López, quien perdió la vida como resultado del referido evento. *Ibid.*

En la acción judicial se detalló de manera expresa que se incluia como co-demandada a la Autoridad de

Carreteras por alegadamente haber consentido y permitido la remoción de las vallas protectoras instaladas en la isleta existente en el lugar del accidente y a la firma Redondo Construction, quien realizaba labores de construcción en el tramo donde ocurrió el accidente, por alegadamente haber removido las referidas vallas y haber contribuido con tal acción a la ocurrencia de los daños sufridos por las víctimas directas del suceso y aquéllos alegadamente experimentados por sus familiares. *Ibid.*

El día 7 de febrero de 1996, se presentó una demanda enmendada para, entre otras cosas, incluir como parte co-demandada a Benito Medina Colón, dueño registral del vehículo Ford Van conducido el día del accidente por el co-demandado Espada. (Apéndice del *certiorari*, págs. 8-12.)

Posteriormente, el día 15 de mayo de 1996, la Autoriadad de Carreteras y Redondo Construction presentaron de manera conjunta una contestación a la demanda instada en su contra. (Apendice del *certiorari*, págs. 13-17.) En dicha contestación, se negaron las alegaciones esenciales de la demanda y se levantaron varias defensas afirmativas, entre ellas, que el único remedio disponible para los demandantes sería aquél que pudiera proveer el Fondo del Seguro del Estado y que la acción no estaba madura en cuanto al co-demandante Rivera Dávila, toda vez que al momento, éste no había sido dado de alta por la referida corporación pública. *Ibid.*

Más adelante, fechada en 2 de noviembre de 1998, por los mismos hechos alegados en la demanda presentada por Machado en 1995, el también co-demandante Adalberto Rivera Dávila presentó una demanda contra Redondo Construction, Espada y sus representativas aseguradoras. (Apéndice del *certiorari*, págs. 18-20). Dicha acción judicial fue tramitada, una vez el co-demandante Rivera Dávila fue dado de alta por el Fondo del Seguro del Estado, luego de haber estado recibiendo tratamiento médico desde la fecha del accidente. Tanto la co-demandada Redondo Construction como su aseguradora General Accident presentaron sendas contestaciones a la referida demanda, negaron las alegaciones esenciales de la misma y levantaron varias defensas afirmativas; entre ellas, la exclusividad para el co-demandante del remedio que le fuera provisto por el Fondo del Seguro del Estado. (Apéndice del *certiorari*, págs. 21-26.)

Luego, el día 9 de febrero de 2000, el Tribunal de Primera Instancia ordenó la consolidación de la demanda originalmente presentada por Machado, Rivera Dávila y otros en 1995, y aquélla presentada individualmente por Rivera Dávila en 1998. (Apéndice del *certiorari*, pág. 27.)

Así las cosas, el día 15 de diciembre de 1999, la Autoridad de Carreteras, presentó ante el Tribunal de Primera Instancia un escrito denominado "*Moción Solicitando Desestimación*". (Apéndice del *certiorari*, págs. 28-36.) Por medio de dicho escrito, se argumentó que al momento del accidente, el co-demandante Rivera Dávila y el finado ingeniero Angel Luis Carrión López eran empleados de la Autoridad de Carreteras y se encontraban en gestiones relativas a su empleo, por lo que el remedio exclusivo disponible para éstos y sus respectivas familias en lo relativo a la Autoridad como patrono estaba circunscrito a los beneficios ofrecidos por la Corporación del Fondo del Seguro del Estado. Con tales argumentos como base, la Autoridad razonó que no existía causa de acción en su contra y que procedía la desestimación de la acción judicial en su contra.

El escrito presentado por la co-demandada Autoridad de Carreteras, en solicitud de la desestimación de la demanda en lo que a ella respecta, fue acompañado con varios documentos que efectivamente evidencian que el co-demandante Rivera Dávila y el occiso ingeniero Carrión López eran sus empleados y que se encontraban en gestiones de su empleo al momento del accidente. Además, dichos documentos demuestran que, con respecto a los daños sufridos a raíz del accidente en el que estuvo envuelto, Rivera Dávila recibió los beneficios ofrecidos por la Corporación del Fondo del Seguro del Estado y que la referida institución determinó que el accidente ocurrió "...*en el curso y como consecuencia del empleo*", por lo que era uno compensable bajo la Ley de Compensaciones por Accidentes del Trabajo. *Ibid.*, págs. 31-36.

Luego de varios incidentes procesales y de la reiteración por la Autoridad de Carreteras de su solicitud para que se desestimara la acción judicial en su contra, el día 24 de abril de 2000, el Tribunal de Primera Instancia

37

concedió un término de cinco días a la parte demandante para replicar a lo solicitado por la Autoridad. Dicha resolución interlocutoria fue notificada a las partes el día 27 de abril de 2000. (Apéndice del *certiorari*, pág. 52.)

Transcurrido en exceso del término concedido por el tribunal recurrido para que los codemandantes Machado y Rivera Dávila replicaran a la desestimación solicitada por la Autoridad de Carreteras sin que esto así lo hicieran, el día 13 de junio de 2000, dicho foro judicial emitió una escueta resolución en la que declaró sin lugar la solicitud de la Autoridad de Carreteras para que se desestimara la demanda presentada en su contra. Dicha resolución fue notificada a las partes el día 21 de junio de 2000 y depositada en el correo al día siguiente. (Apéndice del *certiorari*, págs. 1-3).

Es inconforme con esta última determinación judicial que la Autoridad de Carreteras acude ante nos y solicita de este Tribunal la expedición de un auto de *certiorari* y la revocación de la misma.

Examinado el recurso, somos del criterio de que tiene razón la peticionaria en su planteamiento, por lo que expedimos el auto solicitado y revocamos la resolución recurrida.

## II. Derecho Aplicable

La Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2, la cual establece los requisitos aplicables con respecto a la tramitación de una moción de desestimación, en parte establece:

*"Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, demanda contra coparte o demanda contra tercero, se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada:*

*...(5) dejar de exponer una reclamación que justifique la concesión de un remedio.*

*...".*

Más adelante, la referida norma procesal añade lo siguiente:

*"Si en una moción en que se formulare la defensa número (5) [dejar de exponer una reclamación que justifique la concesión de un remedio] se expusieren materias no contenidas en la acción impugnada y éstas no fueren excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a dicha moción bajo dicha regla."*

La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta Regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. *Luán Investment Corp. v. Rexach Construction Co.*, (2000), **2000 J.T.S. 196**. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Sin embargo, esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para la resolución del mismo se debería celebrar vista en su fondo, el tribunal denegaría, tanto la conversión de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. Si, por alguna razón, el tribunal decide no aceptar la materia presentada, el promovente puede presentar nuevamente la materia excluida como documentos, acompañando una moción de sentencia sumaria. 5A Wright

and Miller, *Federal Practice and Procedure*: Civil 2d, Sec. 1366 (1990). *Torres Capeles v. Rivera Alejandro*, __ D.P.R. __ (1997), **97 J.T.S. 77**.

Por otro lado, la Regla 36.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 36.2, dispone parcialmente que una parte contra la cual se haya presentado una demanda, podrá presentar una moción o no en declaraciones juradas, para que se dicte una sentencia sumaria a su favor sobre la totalidad o cualquier parte de la reclamación presentada en su contra. Por otro lado, la Regla 36.3 del mismo cuerpo procesal, *supra*, establece en parte:

*"La sentencia solicitada se dictará inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."*

Además, la Regla 36.5 de las de Procedimiento Civil vigentes, *supra*, dispone en lo pertinente:

Cuando se presente una moción solicitando que se dicte sentencia sumaria y se sostenga en la forma provista en la Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que vendrá obligado a contestar en forma tan detallada y específica como lo hubiere hecho la parte promovente, exponiendo aquellos hechos pertinentes a la controversia que demuestren que una controversia real que debe ser dilucidada en un juicio. De no hacerlo así, se dictará en su contra la sentencia sumaria, si procediere.

El propósito cardinal de la sentencia sumaria es promover una solución rápida y económica de la litigación, abreviando la disposición de pleitos en los cuales un juicio en su fondo se hace innecesario por no haber una genuina controversia de hechos. *Tello Rivera v. Eastern Airlines*, 119 D.P.R. 83 (1987); *Padín v. Rossi*, 100 D.P.R. 259 (1971); *Roth v. Lugo*, 87 D.P.R. 386 (1963).

La parte que se proponga derrotar una solicitud de sentencia sumaria, debe presentar, como regla general, contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por la parte promovente. *Toledo v. Cartagena*, 132 D.P.R. 249 (1992); *Cuadrado Lugo v. Santiago Rodríguez*, 126 D.P.R. 272 (1990); *Tello Rivera v. Eastern, supra; Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714 (1996). Si la parte que solicita la sentencia sumaria presenta la prueba en que descansa su caso, la otra parte está en la obligación de demostrar que tiene prueba para sostener el suyo. De surgir que no existe una controversia real de hechos, entonces la parte opositora no podrá descansar meramente en aseveraciones generales contenidas en sus alegaciones, sino que estará obligada a demostrar que tiene prueba para sustentar las mismas. *Cortés Piñero v. Sucn. A. Cortés*, 83 D.P.R. 685 (1961).

La moción de sentencia sumaria obliga a presentar las pruebas que se utilizarían en el juicio para apoyar una alegación. Su efecto real es adelantar incidentes que podrían ocurrir en el juicio. A través de este mecanismo, el tribunal puede considerar prueba que, de no ser adecuadamente refutada, permite que se disponga del pleito a favor de alguna de las partes, sin la necesidad de efectuar un juicio en su fondo. *Cuadrado Lugo v. Santiago Rodríguez, supra*. Quien solicite la sentencia sumaria, viene obligado a demostrar que no hay controversia genuina de hecho a ser juzgada. Es deber del juzgador determinar si existe una controversia de hecho sustancial; si la hay, ésta debe dirimirse en el juicio correspondiente. *Valcourt Questell v. Tribunal Superior*, 89 D.P.R. 827 (1964); *Gaztambide v. Sucn. Ortiz*, 70 D.P.R. 412 (1949). A los fines de considerar una moción de sentencia sumaria, el juzgador ha de presumir ciertos todos los hechos no controvertidos que se hacen constar en los documentos y declaraciones juradas admisibles que se acompañan con la moción. *Corp. Presiding Bishop CJC of LDS v. Purcell, supra; Municipio v. Tribunal Superior*, 78 D.P.R. 816 (1955).

De otra parte, el Art. 18 de la Ley de Compensaciones por Accidentes del Trabajo (antes Art. 20),

11 L.P.R.A. sec. 21, dispone:

*"Cuando el patrono asegure sus obreros y empleados de acuerdo con el presente Capítulo, el derecho aquí establecido para obtener compensación será el único remedio en contra del patrono, aun en aquellos casos en que se haya otorgado el máximo de las compensaciones o beneficios de acuerdo con el mismo; pero en el caso de accidentes, enfermedades o muerte de los obreros o empleados no sujetos a compensación de acuerdo con este Capítulo, la responsabilidad del patrono es y continuará siendo la misma que si no existiese el presente Capítulo."*

En torno a la exclusividad del remedio provisto por la Ley de Compensaciones por Accidentes del Trabajo, en el caso *Bermúdez & Longo*, __ D.P.R. __ (1999); **99 J.T.S. 162**, el Tribunal Supremo de Puerto Rico tuvo ocasión de consignar importantes pronunciamientos, los cuales citamos in extenso:

*"Desde que fue aprobada la Ley de Compensaciones por Accidentes del Trabajo, cuando un empleado sufre lesiones, enfermedades, se inutiliza o pierde la vida como consecuencia de "cualquier acto o función inherente a su trabajo" -y su patrono está asegurado de acuerdo a la ley-, su derecho a obtener resarcimiento se limita a la compensación dispuesta, la cual es administrada a través del Fondo del Seguro del Estado. (11 L. P.R.A. secs. 2 y 21). "El obrero así lesionado carece de una causa de acción para demandar a su patrono ante los tribunales de justicia por los daños y perjuicios sufridos, irrespectivamente del grado de negligencia patronal que pueda haber mediado." Santiago Hodge v. Parke Davis Co.*, 126 D.P.R. 1, 8 (1990).

Reiteradamente, hemos decidido que bajo nuestro estado de derecho no existe duda de que la exclusividad del remedio establecida en el Artículo 20 de la Ley, es de carácter absoluto. *Administrador del Fondo del Seguro del Estado v. Flores*, 107 D.P.R. 789, 792 (1978); *Cruz Rodríguez v. A.A.A.*, 101 D.P.R. 269, 270 (1973); *B.C.R. Co., Inc. v. Tribunal Superior*, 100 D.P.R. 754, 758 (1972); *Vda. de Andino v. A.F.F.*, 93 D.P.R. 170, 181 (1966). Desde *Cortijo Walker v. Fuentes Fluviales*, 91 D.P.R. 574, 580 (1964), advertimos un *"definitivo criterio del Legislador de no conceder acción general de daños por concepto alguno contra el patrono cualquiera que fueren sus actuaciones en la esfera aquiliana y el grado de culpa o negligencia"*. Así, también, en *Ruiz Díaz v. Vargas Reyes*, 109 D.P.R. 761, 764 (1980), sentenciamos que la exclusividad del remedio está declarada en la Ley *"al ordenar que siempre que el patrono asegure sus obreros y empleados, el derecho a compensación provisto en el estatuto será el único remedio en contra del patrono"*.

No obstante, por excepción, la exclusividad de remedio no aplica a lesiones del obrero producidas intencionalmente por el patrono. En esa situación, pueden reclamar civilmente por daños y perjuicios para obtener resarcimiento. *Segarra Hernández v. Royal Bank,* res. en 1 de abril de 1998; *Odriozola v. S. Cosmetic Dist. Corp.*, 116 D.P.R. 485, 501 (1985).

En primer término, en el caso de autos, la Autoridad de Carreteras pidió que se desestimaran las acciones instadas en contra mediante un escrito al que denominó *"Moción Solicitando Desestimación"* al que unió varios documentos que evidenciaron: primero, que el chofer Adalberto Rivera Dávila y el fenecido ingeniero Angel Luis Carrión López eran empleados de la Autoridad de Carreteras; segundo, que al momento del accidente ambos empleados se encontraban en gestiones de su empleo con la Autoridad de Carreteras; tercero, que la Autoridad de Carreteras era un patrono asegurado al amparo de la Ley de Compensaciones por Accidentes del Trabajo; y cuarto, la Corporación del Fondo del Seguro del Estado determinó que el accidente en el que estuvieron envueltos el chofer Rivera Dávila y el fenecido ingeniero Carrión, constituyó un accidente compensable y concedió los beneficios correspondientes al amparo de dicho estatuto.

Como hemos visto, la *"Moción Solicitando Desestimación"*, oportunamente interpuesta por la Autoridad de Carreteras, trajo a la atención del Tribunal de Primera Instancia materias no contenidas en las alegaciones de las acciones judiciales ejercitadas por Machado y Rivera Dávila, las cuales, como veremos, tenían el potencial de facilitar la disposición de los asuntos planteados mediante el mecanismo de la sentencia sumaria. Ante tales

circunstancias, dicha moción debió ser considerada por el foro recurrido como una moción para que se dictara sentencia sumariamente bajo el palio de la Regla 36.2 de las de Procedimiento Civil, *supra,* por lo que erró al no tomar tal curso decisorio.

En segundo lugar, considerada la "*Moción Solicitando Desestimación*" presentada por la Autoridad de Carreteras como una solicitud para que se dictara sentencia sumariamente a su favor, procedía que se declarara con lugar la misma y, en consecuencia, que se dictara sentencia sumariamente desestimando las acciones judiciales instadas en su contra.

Como ya hemos reseñado, por conducto de la presentación de varios documentos, en su solicitud de desestimación, la Autoridad de Carreteras estableció, como hechos sobre los cuales no había controversia, que al momento del accidente el co-demandante Rivera Dávila y el fenecido ingeniero Angel Luis Carrión López eran sus empleados, que éstos estaban en gestiones de sus obligaciones como tales y que, posteriormente, la Corporación del Fondo del Seguro del Estado determinó que el accidente era uno compensable bajo la Ley de Compensaciones por Accidentes del Trabajo, por lo que ofreció cubierta a los beneficiarios de la póliza. Tales hechos no fueron controvertidos en manera alguna por la co-demandante Machado, ni por Rivera Dávila, mediante la presentación de documentos o declaraciones juradas que tuvieran el efecto de lanzar dudas sobre su veracidad, a pesar de la oportunidad que tuvieron para ello.

Ahora bien, ante los hechos incontrovertidos establecidos por la Autoridad de Carreteras en su moción, procedía, como cuestión de derecho, que se dictara sentencia sumariamente a su favor desestimando las demandas instadas en su contra.

En el caso ante nuestra consideración, al momento de la ocurrencia del accidente en el que estuvieron envueltos Rivera Dávila y el difunto ingeniero Carrión López, éstos eran empleados de la Autoridad de Carreteras y se encontraban en funciones de su empleo con dicha entidad, la cual era un patrono asegurado. Ante tales circunstancias, en el caso de autos, el único remedio que tienen a su disposición el empleado accidentado, su familia y la del fenecido ingeniero Carrión López con respecto a la Autoridad de Carreteras, es el cuidado médico y los beneficios económicos a que puedan ser acreedores bajo las disposiciones de la Ley de Compensaciones por Accidentes del Trabajo.

Según ha sido interpretado jurisprudencialmente, el remedio dispuesto por dicho estatuto es de carácter absoluto, en términos de la exclusividad del mismo para el empleado accidentado con respecto a su patrono, sin importar el grado de negligencia en que haya podido incurrir este último.

Finalmente, en las circunstancias del presente caso, no están presentes las condiciones necesarias para que los codemandantes estén excluidos del remedio exclusivo provisto por la Ley de Compensaciones por Accidentes del Trabajo, como lo sería el que el patrono hubiera causado lesiones a sus empleados de manera intencional.

### SENTENCIA

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la resolución recurrida. Se desestiman las acciones judiciales por daños y perjuicios entabladas contra la co-demandada Autoridad de Carreteras de Puerto Rico.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General