**Madalyn Murray O'HAIR et al., Plaintiffs-Appellants,**

**v.**

**Thomas O. PAINE et al., Defendants-Appellees.**

**No. 29094**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Sept. 22, 1970.

---

\* [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

Madalyn Murray O'Hair, pro se.

James H. Anderson, Jr., Baltimore, Md., for Richard O'Hair and Soc. of Separationists.

William D. Ruckelshaus, Asst. Atty. Gen., Seagal V. Wheatley, U. S. Atty., Robert V. Zener, Harland F. Leathers, A. James Barnes, Attys., Department of Justice, for defendants-appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Mrs. O'Hair and others appeal from the District Court's dismissal of her complaint for failure to state a claim upon which relief can be granted.[1] We affirm.

Having reviewed the record and construing the complaint in the light most favorable to Mrs. O'Hair, we concur in the District Court's finding: she has stated no claim which would entitle her to relief. *See* Conley v. Gibson, 1957, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80; Delaware Valley Conservation Ass'n v. Resor, 3 Cir. 1968, 392 F.2d 331, 335–336, cert denied, 393 U.S. 915, 89 S.Ct. 239, 21 L.Ed.2d 200; Pauling v. McElroy, 1960, 107 U.S.App. D.C. 372, 278 F.2d 252, cert. denied, 364 U.S. 835, 81 S.Ct. 61, 5 L.Ed.2d 60. Indeed, Mrs. O'Hair's contention concerning the judicial oath—*i.e.*, "So help me God" systematically excludes agnostics and atheists from the judiciary—approaches absurdity. Zorach v. Clauson, 1952, 343 U.S. 306, 312–313, 72 S.Ct. 679, 96 L.Ed. 954; *see* Engel v. Vitale, 1962, 370 U.S. 421, 435 n. 21, 82 S.Ct. 1261, 8 L.Ed.2d 601. Finally appellants have no ascertainable legal interest in regard to the issues which they raise. Flast v. Cohen, 1968, 392 U.S. 83, 99, 88 S.Ct. 1942, 20 L.Ed.2d 947; *see* Barlow v. Collins, 1970, 397 U.S. 159, 164, 90 S.Ct. 832, 25 L.Ed.2d 192; Association of Data Processing Serv. Organizations, Inc. v. Camp, 1970, 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184.

Affirmed.

1. Specifically she alleges that the National Aeronautics and Space Administration ordered, or authorized, certain astronauts to participate in religious activities during the Apollo 8 and Apollo 11 space flights. Contending that NASA's participation amounted to an unconstitutional abuse of legislative power, she demands injunctory relief. The Supreme Court has already disposed of Mrs. O'Hair's three-judge court argument. O'Hair v. Paine, 1970, 397 U.S. 531, 90 S.Ct. 1259, 25 L.Ed.2d 528.